**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

APR 2 2 2002

Michael N. Milby
Clerk of Court

B-02-Ⓘ080

| | | |
|---|---|---|
| RAMONA BARRERA AND DAVID BARRERA | * | |
| | * | |
| | * | |
| VS. | * | CIVIL ACTION NO._____ |
| | * | JURY DEMANDED |
| BROWNSVILLE-VALLEY REGIONAL | * | |
| MEDICAL CENTER; COLUMBIA VALLEY | * | |
| HEALTHCARE SYSTEM, L.P.; VALLEY | * | |
| REGIONAL MEDICAL CENTER; HCA, | * | |
| INC., RICHARD L. FREMAUX, M.D.; AND | * | |
| FRANCIS M.. GUMBEL, M.D. | * | |

**DEFENDANTS' BROWNSVILLE-VALLEY REGIONAL MEDICAL CENTER,**
**COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. AND VALLEY REGIONAL**
**MEDICAL CENTER'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Brownsville-Valley Regional Medical Center, Columbia Valley Healthcare

System, L.P. and Valley Regional Medical Center, having been served as Defendants in a lawsuit brought

in the 138th Judicial District Court of Cameron County, Texas in cause number 2002-02-0823-B and files

this, their notice of removal of said cause to the United States District Court for the Southern District of

Texas, Brownsville Division and as grounds therefore would respectfully show as follows:

I.

**AUTHORITY TO REMOVE**

Plaintiffs originally filed their petition on February 22, 2002 alleging medical negligence and named

Brownsville-Valley Regional Medical Center, Columbia Valley Healthcare System, L.P., Valley Regional

Valley Regional Medical Center, HCA Inc., Richard L. Fremaux, M.D., and Francis M. Gumbel, M.D. as Defendants. The citation and petition were served on Defendants Brownsville-Valley Regional Medical Center, Columbia Valley Healthcare System, L.P., Valley Regional Medical Center on March 28, 2002. The Plaintiffs are alleging a federal question only against the hospital Defendants and therefore the hospital Defendants are the only proper Defendant that can remove this case. True and correct copies of the Plaintiffs' pleadings and executed citations and incorporated herein for purposes of removal. This notice of removal is filed within 30 days of receipt of the petition and citation and is timely filed under 28 U.S.C. section 1446(b). Attached is the written consent of removal by the co-defendants.

## II.

## BASIS OF JURISDICTION

Defendant would show the Court that this is a civil action and removal is based upon federal question jurisdiction. 28 U.S.C. 1441(a). Plaintiffs are alleging that the doctors committed medical negligence. Plaintiffs acknowledge that under Texas law, a hospital ordinarily has no duty to supervise the practice of medicine of independent contractor physicians on staff. See paragraph 39 of Plaintiffs' Original Petition. However Plaintiffs attempt to subvert that law by applying medicare rules. See paragraphs 37, 38, 41-45 of Plaintiffs' Original Petition. Plaintiffs are claiming that the medicare law provide the basis for the hospital Defendants to have liability for the doctor Defendants. Plaintiff's cite the basis of their claim as 42 CFR §482.23, 482.51, 482.12(e), and 51 Fed. Req. 22010, 22015.

III.

Attached to this notice of removal are certified copies of the Plaintiffs' pleadings and the executed citations for service of process. Defendant HCA, Inc. has not been served. Also attached are certified copies of court orders and a certified copy of the docket sheet. Also attached is an index of matters that are being filed, a list of all counsel of record and Defendants Consent to Remove.

IV.

This Defendant demands a trial by jury.

WHEREFORE, these Defendants petition that the lawsuit which has been filed in the 138th Judicial District Court of Cameron County, Texas in cause number 2002-02-0823-B be removed by this Honorable Court to the United States District Court of the Southern District of Texas, Brownsville Division, said court being the District Court of the United States for the district and division for which this action is currently pending.

Respectfully submitted,

By: _____
        William Gault
        Attorney in Charge
        Federal ID No. 14685
        State Bar No. 07765050
        1325 Palm Blvd., Suite A
        Brownsville, Texas 78520
        (956) 544-7110
        (956) 544-0607 Telecopier

Of Counsel:

BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

ATTORNEY FOR DEFENDANTS
BROWNSVILLE-VALLEY   REGIONAL
MEDICAL   HOSPITAL,   COLUMBIA
VALLEY  HEALTHCARE  SYSTEM,  L.P.,
VALLEY REGIONAL MEDICAL CENTER

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the 15th day of April, 2002.

Mr. Timothy Riley                               **VIA CM/RRR # 7000 1670 0001 2715 7242**
Riley Law Firm
PO Box 542179
Houston, Texas 77254

BARRERA/VRMC: NTCTOFED
PAGE 4

Mr. James V. Pianelli                          **VIA REGULAR MAIL**
Mr. Jack E. McGehee
McGehee & Pianelli, L.L.P.
1225 N. Loop West, Suite 810
Houston, Texas 77008

Ms. Carla Saenz                                **VIA REGULAR MAIL**
Carla Saenz & Associates
1325 Palm Blvd., Suite H
Brownsville, Texas 78520

Mr. J. Kevin Oncken                            **VIA REGULAR MAIL**
Uzick & Oncken, P.C.
Fountainhead One Building
8200 IH-10 West, Suite 208
San Antonio, Texas 78230

_____
William Gault

RUN DATE â
RUN TIME A

# JURY

## CIVIL DOCKET · JUDGE'S ENTRIES

### RULE 26-TRCP

CERTIFIED COPY

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTIO |
|---|---|---|
| RAMONA BARRERA AND DAVID BARRERA<br><br>VS<br><br>BROWNSVILLE-VALLEY REGIONAL MEDICAL CENTER'; COLUMB | 00590901<br>TIMOTHY D. RILEY<br>P.O.BOX 542179<br>HOUSTON, TEXAS          772254 2179<br><br>HON. CARLA SAENZ          HON. J. KEVIN ONCKEN<br>1325 PALM BLVD., SUITE H   8200 IH-10 WEST, SUITE 208<br>BROWNSVILLE, TX. 78520     SAN ANTONIO, TX. 78230 | (10)<br><br>DAMAGES/NEGLIGE |

DATE OF ORDERS

COURT'S DOCKET (Rule 26, TRCP)

RUN DATE 04/17/02
RUN TIME 2:40 PM

* * * * C L E R K ' S   E N T R I E S * * * *

CERTIFIED COPY

RAMONA BARRERA AND DAVID BARRERA

VS

BROWNSVILLE-VALLEY REGIONAL MEDICAL CENTER ; COLUMB

00590901                                    (10)
TIMOTHY D. RILEY
P.O.BOX 542179
HOUSTON, TEXAS                    77254 2179

00606601
CARLA M. SAENZ
1325 PALM BLVD., SUITE H
BROWNSVILLE, TEXAS    78520 0000

DAMAGES/NEGLIGE

02/25/02    ORIGINAL PETIT
02/25/02    CITATION: FRANC
02/25/02       SERVED: 03/
02/25/02    CITATION: RICH
02/25/02       SERVED: UNS
02/25/02    CITATION: BROW
02/25/02    MEDICAL
02/25/02       SERVED: 03/
02/25/02    CITATION: COLU
02/25/02    SYSTEM, L.P.:
02/25/02       SERVED: 03/
02/25/02    CITATION: VALL
02/25/02    CENTER
02/25/02       SERVED: 03/
02/25/02    CITATION: HCA
02/25/02       SERVED:
03/05/02    ORIGINAL ANSWE
03/05/02    JURY FEE: Pd.
03/05/02    CITATION:
03/05/02    M.D.
03/05/02    DEFT'S, FRANCI
03/07/02    APPLICATION AN
03/07/02    JURY TRIAL (1
03/07/02    DEFT'S, FRANCI
03/07/02    CERTIFICATE OF
03/07/02    DISCOVERY (RI
03/15/02    ORIGINAL ANSWE
03/15/02    M.D.
03/15/02    DEFT, RICHARD
03/15/02    DEMAND (RMCHO

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 04/17/02
DEPUTY

BROWNSVILLE-VALLEY REGIONAL MEDICAL CENTER'; COLUMB

RAMONA BARRERA AND DAVID BARRERA

VS

00590901
TIMOTHY D. RILEY
P.O.BOX 542179
HOUSTON, TEXAS                    77254 2179

00606601
CARLA M. SAENZ
1325 PALM BLVD., SUITE H
BROWNSVILLE, TEXAS               78520 0000

* * *   C L E R K ' S   E N T R I E S   * * *

(10)

CERTIFIED

DAMAGES/NEGLIGE

03/15/02   DEFT, RICHARD
           SPECIAL EXCEPT
03/15/02   ORIGINAL PETI
03/15/02   AGREED APPLICA
03/15/02   3 DISCOVERY CO
03/15/02   DEFT, RICHARD
           PLAN DESIGNA
03/15/02   DEFT, RICHARD
           MOTION FOR PRE
           SETTING AND
03/15/02   DEFT, RICHARD
03/15/02   DEFT, RICHARD
           MOTION FOR BIF
           EXEMPLARY DA
03/15/02   SCHEDULE/VACAI
04/08/02   ONCKEN (RMOCHO
           PLFS' CERTIFIC
           (RMOCHOA)
04/10/02   RULE 11 AGREEN



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 4/19/02
DEPUTY

CERTIFIED COPY

NO. 200202-823-D

| | | |
|---|---|---|
| RAMONA BARRERA and<br>DAVID BARRERA | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs. | §<br>§ | |
| BROWNSVILLE - VALLEY REGIONAL<br>MEDICAL CENTER; COLUMBIA VALLEY<br>HEALTHCARE SYSTEM, L.P.; VALLEY<br>REGIONAL MEDICAL CENTER; HCA,<br>INC.; RICHARD L. FREMAUX, M.D.; and<br>FRANCIS M. GUMBEL, M.D. | §<br>§<br>§<br>§<br>§<br>§ | CAMERON COUNTY, TEXAS<br><br>138   JUDICIAL DISTRICT |

FILED 9.00 O'CLOCK __ M
AURORA DE LA GARZA DIST. CLERK
FEB 2 5 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

## PLAINTIFFS' ORIGINAL PETITION

### Discovery

1. Pursuant to TEX. R. CIV. PROC. 190.1 and 190.4(a), plaintiffs move that discovery in this cause be conducted pursuant to Level 3.

2. An appropriate docket control order will be submitted to the court for its consideration when the defendants have appeared and answered in this cause.

### Parties

### Plaintiffs

3. Ramona Barrera is an individual and a resident of Cameron County, Texas.

4. David Barrera is the lawful spouse of Ramona Barrera, and also is an individual and a resident of Cameron County, Texas.

### Defendants

5. Defendant Brownsville - Valley Regional Medical Center, Inc., is a Texas or foreign corporation, which has designated a registered agent for service of process, CT Corporation System, 350 North St. Paul, Dallas, Texas 75201. Service is requested on this defendant.

CERTIFIED COPY

6.      Defendant Columbia Valley Healthcare Systems, L.P.,  is a Texas or foreign corporation, limited partnership, or other form of business entity, which has designated a registered agent for service of process, CT Corporation System, 350 North St. Paul, Dallas, Texas 75201.  Service is requested on this defendant.

7.      Defendant HCA, Inc., is a foreign corporation, and is the parent corporation of the entity that runs Valley Regional Medical Center.  It can be served by serving its registered agent for service of process, CT Corporation System, 530 Gay Street, Knoxville, Tennessee 37902.  Service on this defendant by United States certified mail, return receipt requested, is hereby requested.

8.      Defendant Valley Regional Medical Center is an assumed name, trade name, common name, subsidiary, or affiliate of one or more of the corporate defendants named above, and is hereby sued under this trade name, pursuant to TEX. R. CIV. PROC. 28.  "Valley Regional Medical Center" can be served by serving the registered agent for Columbia Valley Healthcare System, L.P., CT Corporation System, 350 North St. Paul, Dallas, Texas 75201.  Service is requested on this defendant.

9.      Defendant Francis M. Gumbel, M. D., is an individual resident of the State of Texas, who maintains an office in, and regularly conducts business in Cameron County, Texas. Service of process may be had on this defendant at his place of business, located at 645 Villa Maria Blvd., Brownsville, Texas 78520, which service is herein requested.

10.     Defendant Richard L. Fremaux, M. D., is an individual resident of the State of Texas, who maintains an office in, and regularly conducts business in Cameron County, Texas. Service of process may be had on this defendant at his place of business,

CERTIFIED COPY

located at 100A Alton Gloor Boulevard, Brownsville, Texas 78526, which service is
herein requested.

### Jurisdiction

11.     Plaintiffs bring suit for all damages to which they are entitled by law.  Plaintiffs'
damages exceed the minimum jurisdictional limits of this Court.

### Venue

12.     All of plaintiffs' causes of action occurred within Cameron County, Texas, giving rise
to venue within this jurisdiction.

### Vicarious Liability

13.     Whenever in this petition it is alleged that the defendants did any act or thing, it is
meant that the defendants' agents, officers, servants, borrowed servants,
employees, or representatives did such act or thing and that, at the time such act or
thing was done, it was done with the full authorization or ratification of defendants,
or was done in the normal and routine course and scope of employment of
defendants' officers agents, servants, borrowed servants, employees or
representatives.  The principal is vicariously liable for the acts of the agent because
of an employer employee status, agency by estoppel, ostensible agency, or
borrowed servant doctrine.

### Satisfaction of All Conditions Precedent

14.     On or about November 2, 2001, plaintiffs gave defendants written notice of the claim
herein sued on by certified mail, return receipt requested, as required by Article
4590i, Section 4.01, Subdivision (a) of the Revised Civil Statutes of Texas.

CERTIFIED COPY

15.     Pursuant to TEX. R. CIV. PROC. 54, plaintiffs aver that all conditions precedent to recovery as to all defendants have been performed, have occurred, or have been waived.

### Statement of Facts

16.     In February 2000, Ramona Barrera was a 69-year-old woman who was generally healthy and active, but who suffered from chronic hypertension and impaired renal function. On February 1, 2000, she had a renal scan which revealed asymmetry in perfusion to the left kidney. Ms. Barrera's primary care physician, Dr. Francis Gumbel, referred Ms. Barrera to Valley Regional Medical Center for renal sonograms to be performed by Dr. Richard L. Fremaux. These tests not unexpectedly revealed renal arterial stenosis bilateral, greater left than right.

17.     Accordingly, Dr. Gumbel and Dr. Fremaux decided to perform a renal angioplasty, which was not indicated under the circumstances.

18.     The renal arterial catheterization was negligently performed, resulting in an occlusion of the left renal artery which Dr. Fremaux could not correct.

19.     When Dr. Fremaux could not reverse the occlusion, a surgeon, Dr. Jose Zamora, was called in to perform a left renal arterial bypass graft. The graft was reported as successful, however, the function to both kidneys was permanently lost, forcing the patient into a lifetime of hemodialysis.

20.     Following surgery, it was noted that the lower extremities were extremely cold and no palpable or audible pulse was noted. It was felt that Ms. Barrera had an acute ischemic event involving the lower extremities and she was found to have bilateral femoral arterial thrombi. Embolectomies were performed.

-4-

CERTIFIED COPY

21.    Post-operatively, due to inadequate nursing care and supervision by the attending physician, Dr. Gumbel, the patient developed a decubitus ulcer on her right heel.

22.    On February 23, 2000, the patient's peripheral pulses to both legs and feet were palpable.

23.    On February 24, 2000, pedal pulses were audible on Doppler only. Although the patient had demonstrated a tendency toward clotting, her anticoagulants were inexplicably discontinued by her physicians, and no nurse brought that inappropriate order to the attention of a nursing supervisor.

24.    At 1500, pulses were audible per Doppler, but the right pedal dorsalis was difficult to find and the patient's foot was mottled and cool to touch. A warm blanket was placed on both feet by Nurse Critten. At 1630 Ms. Barrera had tachycardia and a temperature of 100.3 axillary.

25.    Dr. Gumbel was paged and he ordered only Tylenol, but did not come in to see the patient. At 1930, the left pedal pulses were audible with Doppler, but no pedal pulses were heard on the right foot. The right foot was also pale and cool to touch.

26.    Dr. Zamora was paged. At 2000, Dr. Zamora was again paged. Dr. Zamora returned the page at 2025 and a stat angiogram of the right femoral artery was ordered. At 2045, Dr. Zamora was in to see Ms. Barrera and he cancelled the angiogram. It was decided to do a right below the knee amputation.

27.    The pathology report showed extensive gangrenous changes mainly the plantar surface of the heel and the first digit, manifested by purple discoloration of the skin, which alone would have necessitated amputation. This gangrenous condition was secondary to the decubitus ulcer that had been allowed to develop and fulminate

CERTIFIED COPY

through inadequate medical and nursing care.

28.    On February 23, 2000, it was noted there were pressure sores on both heels. Heel protection was applied to both heels. On February 24, 2000 at 1915, Dr. Gumbel wrote an order to "keep heels off bed at all times". On February 26, 2000 at 0730 the nurses' notes state that the left heel has a nickel sized redness and the coccyx has a bruised spot. On February 27, 2000, a Braden scale for predicting pressure sores was assessed for Ms. Barrera with a score of 13 which is a moderate to high risk for developing pressure sores. On March 2, 2000, at 0700 a ½ cm skin tear to the coccyx area was noted. On March 5, an additional area of breakdown was noted on the back of her right thigh. On March 7, the pressure sore in the coccyx area was classified as Stage II. Ms. Barrera was discharged with pressure sores.

29.    Throughout her hospital stay, Ms. Barrera's white cell count was elevated, ranging from over 41,000 to over 17,000 at the time of her discharge. No source for her elevated white count was found before her discharge. Nonetheless, on March 16, 2000, Ms. Barrera was discharged, with remaining gangrene in her stump.

30.    On April 21, 2000, Ms. Barrera was admitted to Brownsville Medical Center with an infection of her right leg. Her white count on day of admission was 17,000. She was diagnosed with gangrene and anaerobic infection of the right below knee stump. On April 26, Ms. Barrera underwent a right above the knee amputation, at the hip.

31.    Today, Ms. Barrera remains with her right leg amputated at the hip. She is confined to a wheelchair and is on permanent hemodialysis.

CERTIFIED COPY

## *Causes of Action*

### *Informed Consent*

32.    Defendants failed to secure adequate informed consent for the initial renal angioplasty.

### *Negligence*

33.    Defendants were each negligent in one or more respects in connection with their care and treatment of Ramona Barrera, as described in the above paragraphs and for the emotional distress inflicted upon the plaintiffs. Such negligence on the part of defendants was a proximate cause of the injuries to the plaintiffs complained about herein and of the resulting damages.

### *Hospital Liability*

#### *I.  Vicarious Liability for Nursing Negligence*

34.    The hospital is liable for the negligent nursing care of its nurses.

#### *II.  Liability for Inadequate Equipment and Supplies*

35.    It is the duty of the hospital to ensure that adequate and properly functioning medical supplies and equipment are available as needed for patient care.

36.    To the extent that improperly functioning, inadequate, or missing medical equipment, drugs, and supplies were a cause of the damages suffered by the plaintiffs, the hospital is liable therefor.

#### *III.  Liability for Failure to Secure Informed Consent and Physician Negligence*

37.    In addition, Valley Regional Medical Center is a voluntary participating hospital in the Medicare program. There are numerous Medicare regulations applicable to participating hospitals.

CERTIFIED COPY

38.    Stated broadly, the regulations quoted above impose the following specific duties on

the hospital:

a.    *Nursing services* - (a) to provide adequately trained and supervised nurses
in sufficient numbers to meet patient needs, (b) with a nursing care plan for
each patient, and (c) have each patient's care supervised and evaluated by
a registered nurse. 42 C.F.R. §§ 482.23.

b.    *Surgical services* - (a) must be provided in accordance with acceptable
standards of practice, (b) must be designed to assure the achievement and
maintenance of high standards of medical practice and patient care, (c) must
be a complete history and physical in every patient's chart prior to surgery,
(d) must be preceded by a properly executed informed consent form for the
operation to be performed. 42 C.F.R. §§ 482.51.

c.    *General supervisory/oversight duties:* (a) be responsible for services
furnished in the hospital, (b) ensure that a contractor furnishes services in
compliance with the requirements imposed on the hospital, and (c) ensure
that all services provided by contractors are provided in a "safe and effective
manner.

42 CFR §§ 482.12(e).

38.    Clearly, these regulations envision that certain anesthetic, surgical, nursing, and

other services will be provided by persons other than hospital employees. However,

the regulations also provide that a participating hospital cannot delegate these

services to contractors and escape liability for damages that result from the failure

of the contractors to comply with these requirements.

### IV.  Voluntary Assumption of Duty

39.    Under Texas law, a hospital ordinarily has no duty to supervise the practice of

medicine of independent contractor physicians on staff. However, although a person

may have no duty to act, once he voluntarily undertakes a duty, he is obligated to

carry out the function in a non-negligent fashion. *Otis Eng'g Corp. v. Clark,* 668

S.W.2d 307, 309 (Tex. 1983); *Klager v. Worthing,* 966 S.W.2d 77, 83 (Tex. App. -

-8-

San Antonio 1996, writ denied).

40.    For this "negligent undertaking" to apply:

 a.    the failure to exercise such care must increase the risk of harm; or

 b.    the harm must be suffered because the plaintiff relied on the other's undertaking.

*Torrington Co. v. Stutzman*, 46 S.W.2d 829, 838 (Tex. 2001) (*citing* RESTATEMENT (SECOND) OF TORTS 323 (1965).

41.    In the Medicare context, both prongs of *Torrington* are met. First, for a hospital to fail to ensure that services are rendered in a safe and effective manner increases the risk of that occurring. Second, most Medicare plaintiffs, including Ramona Barrera, enter Medicare-approved hospitals in reliance of the hospitals' compliance with the duties imposed by Medicare.

## V. The Non-Delegable Duty Doctrine

42.    Texas recognizes that: "when a duty is imposed by law on the basis of concerns for public safety, the party bearing the duty cannot escape it by delegating it to an independent contractor." *MBank El Paso, N.A. v. Sanchez,* 836 S.W.2d 151, 153 (Tex. 1992). This conclusion is supported by the Restatement (Second) of Torts: "One who by statute or administrative regulation is under a duty to provide specified safeguards or protections for the safety of others is subject to liability to the others for whose protection the duty is imposed for harm caused by the failure of a contractor employed by him to provide such safeguards or precautions." RESTATEMENT (SECOND) OF TORTS §§ 424 (1965). Comment a to the Restatement notes: "The rule stated in this Section applies whenever a statute or an

-9-

CERTIFIED COPY

administrative regulation imposes a duty upon one doing particular work to provide safeguards or precautions for the safety of others. In such a case the employer cannot delegate his duty to provide such safeguards or precautions to an independent contractor." Id. at comment a.   The legislative history of the cited Medicare regulations clearly and unambiguously indicates such an intention: "These revisions are intended to simplify and clarify Federal requirements, to provide maximum flexibility in hospital administration while strengthening patient health and safety, to emphasize outcomes rather than processes, to promote cost effectiveness while maintaining quality care, and to achieve more effective compliance with Federal requirements."   51 Fed. Reg. 22010 (1986).   The agency comment continues: "The 1983 NPRM [Notice of Proposed Rulemaking], was intended to clarify that the hospital has ultimate responsibility for services, whether they are provided directly, such as by its own employees, by leasing, or through arrangements, such as formal contracts, joint ventures, informal agreements, or shared services. Because many contracted services are integral to direct patient care and are important aspects of health and safety, a hospital cannot abdicate its responsibility simply by providing that service through a contract with an outside resource. For purposes of assuring adequate care, the nature of the arrangement between the hospital and the "contractor" is irrelevant. The NPRM, therefore, proposed to specify that the governing body must be responsible for these services and that the services must be provided in a safe and effective manner."   51 Fed. Reg. 22015 (1986). Because the statute imposes the duty out of concern for public safety, the bank could not avoid its obligations by delegating the duties to an

-10-

CERTIFIED COPY

independent contractor. *MBANK,* 836 S.W.2d at 153.

43.    There is no question that these Medicare rules were clearly designed to promote

assurance of public safety by participating hospitals. Indeed, in a related context,

the United States Supreme Court has recognized this purpose. *Fischer v. United*

*States,* 529 U.S. 667, 671-72, 120 S.Ct. 1780, 1783-84 (2000). Moreover, the

regulations clearly provide that the participating hospitals are to remain "responsible"

for the acts of all contractors employed at the hospital. Accordingly, these Medicare

regulations impose a non-delegable duty to provide medical, nursing, surgical,

anesthesia, and related services in a safe and effective manner, and any failure to

do so must result in liability to the participating hospital. *MBank,* 836 S.W.3d at 153.

### VI. Violation of Regulations as Evidence of Departure from Standard of Care

44.    Administrative regulations established for the protection of persons who bring suit

are independently admissible as relevant to the standard of care, even if the

regulation does not satisfy the requirements to establish a claim of negligence per

se. *See, e.g., Wal-Mart Stores, Inc. v. Seale,* 904 S.W.2d 718, 720 (Tex. App. - San

Antonio 1995, no writ) (OSHA regulations).

45.    In particular, Medicare regulations are relevant as to whether hospitals have

committed malpractice. *Brogdon,* at 103 F.Supp.2d at 1333. Indeed, in 1998 the

Texas Supreme Court expressly recognized that a statute or regulation can serve

as a standard of conduct for an existing common-law duty as the basis for imposition

of liability under a common-law negligence cause of action. *Perry v. S.N.,* 973

S.W.2d 301, 305 (Tex. 1998).

CERTIFIED COPY

### VII.  Hospital Voluntary Adoption of Regulations as Internal Standards of Care

46.    Moreover, on information and belief, strict adherence with Medicare rules and regulations is the express policy of Valley Regional Medical Center.  Under Texas law, if the policies are those of the hospital, they are admissible for the purpose of determining the proper standard of care of the hospital.  *McCombs v. Childrens' Med. Center of Dallas,* 1 S.W.3d 256, 259 (Tex. App. - Texarkana 1999, pet. denied); *Denton Regional Med. Ctr. v. LaCroix,* 947 S.W.2d 941, 951 (Tex. App. - Fort Worth 1997, writ dism'd by agr.).

### Malice

47.    Defendants' conduct amounts to malice in that it was specifically intended by the defendants to cause substantial injury to the plaintiffs; or, when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which the actors had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

### Damages

48.    As a direct and proximate cause of defendants' negligence and malice, the plaintiffs were injured.  Had defendants not been negligent or malicious, the plaintiffs would not have been injured.

### I. Ramona Barrera

49.    As a direct and proximate result of the negligence of Defendants, plaintiff Ramona Barrera suffered the following damages.

-12-

CERTIFIED COPY

a.    Past and future pain and suffering;

b.    Past and future mental anguish;

c.    Past and future physical impairment;

d.    Past and future disfigurement;

e.    Wage loss;

f.    Future loss of earning capacity;

g.    Medical expenses that have been incurred in the past and these that will reasonably be incurred in the future;

h.    Pre judgment and post judgment interest;

i.    Exemplary damages, governed by Section 41.008(c) of the Civil Practice and Remedies Code; and

j.    Any other damages allowed under the law and proved in the trial of this case.

### II. David Barrera

50.    As a direct and proximate result of the negligence of defendants, plaintiff David Barrera suffered the following damages.

a.    Past and future mental anguish;

b.    Lost financial contributions;

c.    Past and future loss of services;

d.    Loss of advice, counsel and care;

e.    Loss of consortium;

f.    Loss of society and companionship;

g.    Past and future loss of household services;

h.    Prejudgment and post judgment interest;

-13-

CERTIFIED COPY

i. Exemplary damages governed by Section 41.008(c) of the Civil Practice and Remedies Code;

j. Past and future medical expenses and nursing care expenses; and

k. Any other damages allowed under the law and proved in the trial of this case.

### *Jury Application*

51. Pursuant to TEX. R. CIV. PROC. 216, plaintiffs respectfully make application for a trial by jury.

52. The requisite jury fee is herewith tendered.

### *Prayer*

53. Plaintiffs respectfully request that defendants be cited to appear and answer, and that on final trial, plaintiffs are awarded judgment against defendants, jointly and actually, for an amount in excess of the minimum jurisdictional limits of this court, together with pre-judgment and post-judgment interest at the highest rate allowed by law, for exemplary damages, and for all such other and further relief, general and special, to which plaintiffs may be justly entitled.

Respectfully submitted,

RILEY LAW FIRM

Timothy D. Riley
State Bar No. 16931300
P. O. Box 542179
Houston, Texas 77254-2179
(713) 868-1717
(713) 868-9393 Fax



TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE: 4/17/02
DEPUTY

-14-

CERTIFIED COPY

McGEHEE & PIANELLI, L.L.P.

\*

_____
James V. Pianelli   TBN 15966740
Jack E. McGehee   TBN 13623700
1225 N. Loop West, Suite 810
Houston, Texas  77008
(713) 864-4000
(713) 868-9393 Fax

**ATTORNEYS FOR PLAINTIFFS**

\*       Signed by Timothy D. Riley, by permission

CERTIFIED COPY

Citation for Personal Service    - GENERAL _____    Lit. Seq. # 5.008.01

No. 2002-02-000823-B



ORIGINAL

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FRANCIS M. GUMBEL, M.D. _____
    645 VILLA MARIA BLVD. _____
    BROWNSVILLE, TEXAS 78520 _____

    _____

the _____DEFENDANT_____ , GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION _____

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 138th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on FEBRUARY 25, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-02-000823-B.

The style of the case is:

        _____RAMONA BARRERA AND DAVID BARRERA_____
                          VS.
        BROWNSVILLE-VALLEY REGIONAL MEDICAL CENTER';COLUMB

Said petition was filed in said court by _____TIMOTHY D. RILEY_____
(Attorney for _____PLAINTIFF_____ ), whose address is
P.O.BOX 542179 HOUSTON, TEXAS  77254-2179 _____ .

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 25th day of FEBRUARY , A.D. 2002.

CERTIFIED COPY

R E T U R N   O F   O F F I C E R

Came to hand the _26_ day of _Feb_ , _2002_ at _9:00_ o'clock _A_ .M., and

~~executed~~ (not executed) on the _1_ day of _March_ , _02_ , by delivering to

_Francis M. Gamble, M.D._ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Original Petition_ .

Cause of failure to execute this citation is: _____

_____

FEES serving 1 copy

Total....... $_46_

Fees paid by:_____

ABEL PEREZ JR.
Constable Pct. 2
Cameron County

Sheriff/constable _Cameron County_ County, TEXAS

By _Luis Vasquez_ Deputy

FILED _8:55_ O'CLOCK _A_ M
AURORA DE LA GARZA, DIST. CLERK

MAR 06 2002

DISTRICT COURT, CAMERON COUNTY TEXAS
_Rosie Sotelo_ DEPUTY
Rosie Sotelo

CONSTABLE PCT.
CAMERON COUNTY TEX
ATTEMPTED SERVICE

| DATE | TIME | REMARKS |
|------|------|---------|
| 3-1 | 9:10 A | NO-LC |

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DISTRICT COURT

Citation for Personal Service - GENERAL                Lit. Seq. # 5.007.01

No. 2002-02-000823-B

ORIGINAL

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: RICHARD L. FREMAUX, M.D.
    100A ALTON GLOOR BOULEVARD
    BROWNSVILLE, TEXAS 78526


the        DEFENDANT        , GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 138th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION        was filed on FEBRUARY 25, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-02-000823-B.

The style of the case is:

                RAMONA BARRERA AND DAVID BARRERA
                            VS.
        BROWNSVILLE-VALLEY REGIONAL MEDICAL CENTER';COLUMB

Said petition was filed in said court by        TIMOTHY D. RILEY
(Attorney for            PLAINTIFF            ), whose address is
P.O.BOX 542179 HOUSTON, TEXAS  77254-2179                          .

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 25th day of FEBRUARY , A.D. 2002.

R E T U R N   O F   O F F I C E R

Came to hand the _2?_ day of _____, _____, at _7:0_ o'clock ___.M., and

~~executed~~ (not executed) on the _28_ day of _February 2002_ by delivering to

_____ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiff's Original Petition_ _____.

Cause of failure to execute this citation is: _Citation Recalled By_

_Attorney_____.

FEES serving 1 copy

Total....... $_____

Fees paid by:_____

**ABEL PEREZ JR.**
Constable Pct. 2
Sheriff/constable Cameron County County, TEXAS

By _Mario H_____ Deputy

FILED _8:55_ O'CLOCK _A_ M
AURORA DE LA GARZA, DIST. CLERK

MAR 0 6 2002

DISTRICT COURT CAMERON COUNTY TEXAS
By_____ DEPUTY
Rosie Sotelo

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _4/11/02_
BY _Yolanda Zambrano_
DEPUTY

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.005.01

06895

No. 2002-02-000823-B

ORIGINAL

THE  STATE  OF  TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: VALLEY REGIONAL MEDICAL CENTER
    SERVING REGISTERED AGENT
    CT CORPORATION SYSTEM
    350 NORTH ST. PAUL
    DALLAS, TEXAS 75201

| DEP. NO. | DATE |
|----------|------|
| 413 | 3-26-02 |

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 138th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on FEBRUARY 25, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-02-000823-B.

The style of the case is:

RAMONA BARRERA AND DAVID BARRERA
VS.
BROWNSVILLE-VALLEY REGIONAL MEDICAL CENTER';COLUMB

DALLAS COUNTY SHERIFF FEE COLLECTED

Said petition was filed in said court by _____TIMOTHY D. RILEY_____
(Attorney for _____PLAINTIFF_____), whose address is
P.O.BOX 542179 HOUSTON, TEXAS  77254-2179                              .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 25th day of FEBRUARY , A.D. 2002.

CERTIFIED COPY

R E T U R N   O F   O F F I C E R

Came to hand the _26_ day of _MAR_ , _2002_ , at _8_ o'clock _A_.M., and executed (not executed) on the _28_ day of _MAR_ , _2002_ by delivering to _C T CORP SYS R/A_ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____.

Cause of failure to execute this citation is: _____
_____

FEES serving 1 copy

Total....... $ _55_

Fees paid by: _____

Sheriff/constable _____ County,

By _____ Deputy

J.J. Pena #150
Deputy Sheriff

Dallas County Sheriff's Dept.
Writ Enforcement Section 3132
133 N. Industrial Blvd. LB-31
Dallas, TX 75207

FILED _9:00_ O'CLOCK _A_ M
AURORA DE LA GARZA, DIST. CLERK

APR 1 2 2002

DISTRICT COURT, CAMERON COUNTY, TEXAS
BY _Rosie Sotelo_ DEPUTY
Rosie Sotelo



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _4/17/02_
_Yolanda Zumbrano_
DEPUTY

Citation for Personal Service - NON-RESIDENT NOTICE     Lit. Seq 0 6 8.003 01

CERTIFIED COPY

No. 2002-02-000823-B

2002 ORIGINAL

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

SH# 6893

| DEP. NO. | DATE |
|----------|------|
| 413 | 3-26-02 |

TO: BROWNSVILLE VALLEY REGIONAL MEDICAL
    SERVING REGISTERED AGENT
    C.T. CORPORATION SYSTEM
    350 NORTH ST. PAUL
    DALLAS, TEXAS 75201

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 138th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on FEBRUARY 25, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-02-000823-B.

The style of the case is:

DALLAS COUNTY
SHERIFF FEE COLLECTED

RAMONA BARRERA AND DAVID BARRERA
VS.
BROWNSVILLE-VALLEY REGIONAL MEDICAL CENTER';COLUMB

Said petition was filed in said court by _____TIMOTHY D. RILEY_____ (Attorney for _____PLAINTIFF_____), whose address is P.O.BOX 542179 HOUSTON, TEXAS  77254-2179 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 25th day of FEBRUARY , A.D. 2002.

R E T U R N   O F   O F F I C E R

CERTIFIED COPY

Came to hand the 26 day of MAR , 2002 , at 8 o'clock 1 .M., and

executed (not executed) on the 28 day of MAR , 2002 , by delivering to

C. T CORP SYS RA in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _____ .

Cause of failure to execute this citation is: _____

_____

FEES serving 1 copy

Total....... $ 5.5

Fees paid by:_____

Sheriff/constable _____ County,

By _____

J.J. Peña #150
Deputy Sheriff    Deputy

Dallas County Sheriff's Dept.
Writ Enforcement Section 3132
133 N. Industrial Blvd. LB-31
Dallas, TX 75207
FILED_____O'CLOCK_____M
AURORA DE LA GARZA, DIST. CLERK

APR 1 2 2002

DISTRICT COURT, CAMERON COUNTY TEXAS
BY Rosie Sotelo            DEPUTY
Rosie Sotelo

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 4/17/02
BY Yolanda Zambrano
DEPUTY

CERTIFIED COPY

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.004.01

No. 2002-02-000823-B

**ORIGINAL**

06894

2002 MAR 26  AM 9:36

# T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P.
    SERVING REGISTERED AGENT
    CT CORPORATION SYSTEM
    350 NORTH ST. PAUL
    DALLAS, TEXAS 75201

| DEP. NO. | DATE |
|----------|---------|
| 913 | 3-26-02 |

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 138th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on FEBRUARY 25, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-02-000823-B.

The style of the case is:

RAMONA BARRERA AND DAVID BARRERA
VS.
BROWNSVILLE-VALLEY REGIONAL MEDICAL CENTER';COLUMB

*DALLAS COUNTY SHERIFF FEE COLLECTED*

Said petition was filed in said court by _____ TIMOTHY D. RILEY _____ (Attorney for _____ PLAINTIFF _____ ), whose address is P.O.BOX 542179 HOUSTON, TEXAS  77254-2179 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 25th day of FEBRUARY , A.D. 2002.

RETURN OF OFFICER

Came to hand the _26_ day of _Mah_, _2002_, at _5_ o'clock _P_.M., and

executed (not executed) on the _28_ day of _Mah_, _2002_, by delivering to

_C 7 CORP SYS R/A_____ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _____.

Cause of failure to execute this citation is: _____

_____

FEES serving 1 copy

Total....... $ _55_

Fees paid by:_____

Sheriff/constable _____ County _Jm. Pena #150_

By _____ Deputy Sheriff

_____ Deputy

Dallas County Sheriff's Dept.
Writ Enforcement Section 3132
133 N. Industrial Blvd. LB-31
Dallas, TX 75207

FILED _6:12_ O'CLOCK _A_ M

AURORA DE LA GARZA, DIST. CLERK

APR 12 2002

DISTRICT COURT, CAMERON COUNTY TEXAS
BY _Rosie Sol_ DEPUTY

Rosie Sotelo

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _4/17/02_
_Yolanda Zambrano_
DEPUTY

CERTIFIED COPY

## CAUSE NO. 2002-02823-B

| | | |
|---|---|---|
| RAMONA BARRERA and | § | IN THE DISTRICT COURT |
| DAVID BARRERA | § | |
| | § | FILED __9:0__ O'CLOCK __β__ __M |
| v. | § | 138TH JUDICIAL DISTRICT CLERK |
| | § | MORGAN C. GAZA, DIST. CLERK |
| BROWNSVILLE – VALLEY REGIONAL | § | |
| MEDICAL CENTER; COLUMBIA VALLEY | § | MAR 15 2002 |
| HEALTHCARE SYSTEM, L.P.; VALLEY | § | DISTRICT COURT, CAMERON COUNTY TEXAS |
| REGIONAL MEDICAL CENTER; HCA, | § | BY Rosie Sato DEPUTY |
| INC., RICHARD L. FREMAUX, M.D.; and | § | Rosie Sato |
| FRANCIS M. GUMBEL, M.D. | § | CAMERON COUNTY, TEXAS |

## DEFENDANT, RICHARD L. FREMAUX, M.D.'S
## ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes, RICHARD L. FREMAUX, M.D., a Defendant in the above entitled and numbered cause, and files this his Original Answer to Plaintiffs' Original Petition. In support thereof, the Defendant would respectfully show the Court as follows:

### I.

Dr. Fremaux generally denies each and every allegation in the Plaintiffs' Original Petition and declares that the same are not true, in whole or in part, and demands strict proof thereof by a preponderance of the evidence in accordance with the laws of the State of Texas.

### II.

Further, subject to the denial as set forth above, Defendant invokes the limitations within Section 11.01 through 11.05 of Article 4590i Tex. Rev. Civ. Stat. Ann. (Vernon Supp. 2000).

ORIGINAL ANSWER

CERTIFIED COPY

### III.

Further, subject to the denial as set forth above, Defendant invokes §14.01 of Article 4590i Tex. Rev. Civ. Stat. Ann. (Vernon Supp. 2000) pertaining to qualifications of expert witnesses.

### IV.

Further, and without waiving the foregoing, the Defendant invokes the provisions of Art. 4590i, §13.01 of Tex. Rev. Civ. Stat. Ann. (Vernon Supp. 2000) which requires the Plaintiffs to post a $5,000.00 cost bond, place $5,000.00 cash into an escrow account, or file an expert report that provides a fair summary of the expert's opinions regarding applicable standards of care, the manner in which the care rendered by Dr. Fremaux failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed, within 90 days after the date Plaintiffs' claims were filed.

### V.

Further, subject to the denial as set forth above, the Defendant invokes §16.01 of Article 4590i Tex. Rev. Civ. Stat. Ann. (Vernon Supp. 2000) pertaining to pre- and post-judgment interest.

### VI.

Further, still insisting upon the general denial as set forth above, the Defendant gives notice that, to the extent applicable, he reserves the right to exercise, and under appropriate circumstances will exercise, his right to make an election under Texas Civil Practice and Remedies Code, §§ 33.012 and 33.014.

CERTIFIED COPY

### VII.

Further, subject to the denial as set forth above and without waiving those averments set forth in the preceding paragraph, the Defendant invokes the provisions of Chapter 41, §§ 41.001 - 41.009 of the Texas Civil Practice and Remedies Code Annotated (Vernon Supp. 1995) pertaining to exemplary damages.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, RICHARD L. FREMAUX, M.D., prays that Plaintiffs take nothing by way of their lawsuit and that this Defendant recover all costs expended on his behalf, and for such other and further relief, at law or in equity, to which he may justly be entitled.

Respectfully submitted,

**UZICK & ONCKEN, P.C.**

By: _Kevin Oncken_
J. Kevin Oncken
State Bar No. 15280050

Fountainhead One Building
8200 IH-10 West, Suite 208
San Antonio, Texas 78230
(210) 341-7703
(210) 341-1570 facsimile
**ATTORNEYS FOR DEFENDANT,
RICHARD L. FREMAUX, M.D.**



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 4/19/02
_Jandi Zumbrana_
DEPUTY

CERTIFIED COPY

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document has been sent in accordance with the Texas Rules of Civil Procedure to the following parties on the __11__ day of March 2002:

Timothy D. Riley
Riley Law Firm
PO Box 542179
Houston, Texas 77254-2179

William (Bill) Gault
Brin & Brin, P.C.
1205 N. Expressway 83
Brownsville, Texas 78520

J. Kevin Oncken

CERTIFIED COPY

CAUSE NO. 2002-02823-B

| | | |
|---|---|---|
| RAMONA BARRERA and | § | IN THE DISTRICT COURT |
| DAVID BARRERA | § | |
| | § | FILED _G:20_ O'CLOCK _A_ M |
| v. | § | 138TH JUDICIAL DISTRICT CLERK |
| | § | |
| BROWNSVILLE – VALLEY REGIONAL | § | |
| MEDICAL CENTER; COLUMBIA VALLEY | § | MAR 15 2002 |
| HEALTHCARE SYSTEM, L.P.; VALLEY | § | |
| REGIONAL MEDICAL CENTER; HCA, | § | DISTRICT COURT, CAMERON COUNTY TEXAS |
| INC., RICHARD L. FREMAUX, M.D.; and | § | BY _Rosie_ Soto _DEPUTY_ |
| FRANCIS M. GUMBEL, M.D. | § | CAMERON COUNTY, TEXAS |

## DEFENDANT, RICHARD L. FREMAUX, M.D.'S JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes, RICHARD L. FREMAUX, M.D., a Defendant in the above

entitled and numbered cause, and hereby, in accordance with Rule 216 of the

Texas Rules of Civil Procedure demands a trial by jury.


Respectfully submitted,

**UZICK & ONCKEN, P.C.**

By: _Kevin Oncken_

J. Kevin Oncken
State Bar No. 15280050

Fountainhead One Building
8200 IH-10 West, Suite 208
San Antonio, Texas 78230
(210) 341-7703
(210) 341-1570 facsimile
**ATTORNEYS FOR DEFENDANT,
RICHARD L. FREMAUX, M.D.**

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _4/17/02_
BY _Yolanda Zimmerman_
DEPUTY

CERTIFIED COPY

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document has been sent in accordance with the Texas Rules of Civil Procedure to the following parties on the __11__ day of March 2002:

Timothy D. Riley
Riley Law Firm
PO Box 542179
Houston, Texas 77254-2179

William (Bill) Gault
Brin & Brin, P.C.
1205 N. Expressway 83
Brownsville, Texas 78520

J. Kevin Oncken

CERTIFIED COPY

## CAUSE NO. 2002-02823-B

| | | |
|---|---|---|
| RAMONA BARRERA and | § | IN THE DISTRICT COURT |
| DAVID BARRERA | § | |
| | § | FILED _9:00_ O'CLOCK _A___M |
| v. | § | AURORA DE LA GARZA, DIST. CLERK |
| | § | 138TH JUDICIAL DISTRICT |
| BROWNSVILLE – VALLEY REGIONAL | § | |
| MEDICAL CENTER; COLUMBIA VALLEY | § | MAR 15 2002 |
| HEALTHCARE SYSTEM, L.P.; VALLEY | § | |
| REGIONAL MEDICAL CENTER; HCA, | § | DISTRICT COURT CAMERON COUNTY TEXAS |
| INC., RICHARD L. FREMAUX, M.D.; and | § | Rosie Sotelo DEPUTY |
| FRANCIS M. GUMBEL, M.D. | § | CAMERON COUNTY, TEXAS |

## DEFENDANT, RICHARD L. FREMAUX, M.D.'S
## SPECIAL EXCEPTIONS TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

Defendant, RICHARD L. FREMAUX, M.D., files these Special Exceptions to Plaintiffs' Original Petition and would show the following:

### I.

This case is premised upon allegations of medical malpractice against Dr. Fremaux and other healthcare providers and is governed by the provisions of Art. 4590i, Tex. Rev. Civ. Stat. Ann. (Vernon Supp. 2001).

### II.

Defendant specially excepts to Plaintiffs' Original Petition in its entirety because it fails to establish that the case comes within the jurisdictional limits of this Court. Pursuant to Section 5.01 of Article 4590(i) and Texas Rule of Civil Procedure 41, Defendant moves the Court to order that Plaintiffs provide notice, in writing, under separate cover, of the total dollar amount claimed in this lawsuit. In the alternative, and/or in the event Plaintiffs fail or refuse to provide said written notice, Defendant moves the Court to dismiss the claims against him for

CERTIFIED COPY

want of jurisdiction.

### III.

Defendant specially excepts to Paragraph 18 of the Plaintiffs' Original Petition which asserts that the renal arterial catheterization performed by Dr. Fremaux was "negligently performed". This pleading is non-specific and fails to provide adequate notice of the basis of the claim being asserted. Dr. Fremaux is entitled to a statement as to the specific act or omission attributable to the renal arterial catheterization which Plaintiffs claim constitute negligence attributable to Dr. Fremaux. The Defendant specifically moves the Court to order that Paragraph 18 be amended to set forth each act or omission attributable to Dr. Fremaux relative to the renal arterial catheterization which, if taken as true and supported by competent expert medical testimony, would establish a breach of the standard of care by Dr. Fremaux relative to this procedure proximately causing injury or damages to the Plaintiff. In the alternative, and/or in the event the Plaintiffs fail or refuse to so amend, the Defendant moves the court to strike Paragraph 18 with prejudice.

### IV.

The Defendant further specially excepts to Paragraph 32, entitled "Informed Consent," of Plaintiffs' Original Petition because it is vague, ambiguous, non-specific and fails to apprise the Defendant of the basis of the claims against him. Specifically, this procedure is a List "A" procedure and the requirements regarding the consent are pre-determined by the State of Texas. In as much as the Plaintiff executed the statutorily recognized consent form with

CERTIFIED COPY

respect to the renal angioplasty, the allegation of a failure to secure adequate informed consent does not seem to make sense. The Defendant is entitled to a

CERTIFIED COPY

respect to the renal angioplasty, the allegation of a failure to secure adequate informed consent does not seem to make sense. The Defendant is entitled to a specific pleading relative to the basis for such a claim and moves the court to order that the petition be amended as to Paragraph 32 within twenty-one days setting forth the specific basis for a claim of failing to comply with state law regarding informed consent for renal angioplasty. In the alternative, and/or in the event the Plaintiffs fail or refuse to so amend, the Defendant moves the Court to strike Paragraph 32 with prejudice.

**V.**

Defendant specially excepts to Paragraph 33 of Plaintiffs' Original Petition because it is vague, over broad, non-specific, and failed to provide adequate notice of the claim asserted against this Defendant. The recitation with Paragraph 33 merely asserts "negligence". Dr. Fremaux is entitled to a specific statement of each act or omission attributable to him which, if taken as true and supported by competent expert medical testimony, would establish a breach of the standard of care proximately causing injury or damages to the Plaintiffs. The Defendant therefore moves the Court to order that the Plaintiffs amend Paragraph 33 of the petition to provide that specificity within twenty-one days. In the alternative, and/or in the event that Plaintiffs fail or refuse to amend the petition as ordered, the Defendant moves the Court to strike Paragraph 33 with prejudice as it pertains to Dr. Fremaux.

**VI.**

Further, Defendant specially excepts to Paragraph 47 of Plaintiffs' Original

CERTIFIED COPY

Petition because it is vague, non-specific, over broad, and fails to provide adequate notice of the claims of malice being presented against unnamed defendants. The Defendant is entitled to a specific pleading relative to malice allegedly committed by him. Therefore, the Defendant moves the Court to order the Plaintiffs to amend Paragraph 47 of the petition to specify who is accused of malice and, assuming that Dr. Fremaux is among those accused of malice, a recitation of the specific acts and/or omissions attributable to Dr. Fremaux which represents conduct that amounts to malice in that it was "specifically intended by the Dr. Fremaux to cause substantial injuries to the Plaintiffs, or, conduct which, when viewed objectively from the standpoint of Dr. Fremaux at the time of its occurrence, involved an extreme degree of risk to Ms. Barrera, as well as each fact upon which Plaintiffs base a claim that Dr. Fremaux had actual, subjective awareness of the risk involved but, nevertheless, proceeding with conscious indifference to the rights, safety, or welfare of Ms. Barrera in this case". In the alternative, and/or in the event Plaintiffs fail or refuse to so amend within twenty-one days hereof, the Defendant moves the Court to strike Paragraph 47 as it pertains to Dr. Fremaux with prejudice.

PREMISES CONSIDERED, Defendant, RICHARD L. FREMAUX, M.D., respectfully prays that the Court sustain each of the foregoing Special Exceptions and that the Court order an amended petition satisfying the special exceptions within twenty-one days hereof. Defendant respectfully prays that, in the event the Plaintiffs fail and/or refuse to so amend, the Court grant the relief set out and requested hereinabove.

CERTIFIED COPY

Respectfully submitted,

**UZICK & ONCKEN, P.C.**

By: *Kevin Oncken*
J. Kevin Oncken
State Bar No. 15280050

Fountainhead One Building
8200 IH-10 West, Suite 208
San Antonio, Texas 78230
(210) 341-7703
(210) 341-1570 facsimile
**ATTORNEYS FOR DEFENDANT,
RICHARD L. FREMAUX, M.D.**

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document has been sent in accordance with the Texas Rules of Civil Procedure to the following parties on the _11th_ day of March 2002:

Timothy D. Riley
Riley Law Firm
PO Box 542179
Houston, Texas 77254-2179

William (Bill) Gault
Brin & Brin, P.C.
1205 N. Expressway 83
Brownsville, Texas 78520

*Kevin Oncken*
J. Kevin Oncken



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 4-11-02
BY
DEPUTY

## CAUSE NO. 2002-02-0823-B

| | | |
|---|---|---|
| RAMONA BARRERA and DAVID BARRERA | * * * | IN THE DISTRICT COURT |
| VS. | * * | CAMERON COUNTY, TEXAS |
| BROWNSVILLE-VALLEY REGIONAL MEDICAL CENTER; COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P.; VALLEY REGIONAL MEDICAL CENTER; HCA, INC., RICHARD L. FREMAUX, M.D.; AND FRANCIS M.. GUMBEL, M.D. | * * * * * * * | 138TH JUDICIAL COURT |

## DEFENDANTS' CONSENT TO REMOVAL TO FEDERAL COURT

TO THE HONORABLE JUDE OF SAID COURT:

I.

The undersigned attorneys, on behalf of their client's, consent to this case being removed to federal court.

Mr. Kevin Oncken
Uzick & Oncken, P.C.
Fountainhead One Building
8200 IH-10 West, Suite 208
San Antonio. Texas 78230
Telephone (210) 341-7703
Facsimile (210) 341-1570
Attorney for Defendant,
Dr. Richard L. Fremaux, M.D    *Fed ID #12915*

Mr. William Gault
Brin & Brin. P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
Telephone (956) 544-7110
Facsimile (956) 544-0607
Attorney for Defendants Brownsville-Valley
Regional Medical Center and Columbia Valley
Healthcare System, L.P. and Valley Regional
Medical Center
*Federal ID No 14685*

Ms. Carla Saenz
~~Law Office of~~ Carla Saenz *y Associates, P.L.L.C.*
1325 Palm Blvd., Suite H
Brownsville, Texas 78520
Telephone (956) 541-2862
Facsimile (956) 541-2864
Attorney for Defendant, Dr. Francis
M. Gumbel, M.D.
*Federal ID # 7994*

**ATTORNEYS FOR PLAINTIFFS**

Mr. Timothy Riley
SBN: 16931300
Riley Law Firm
PO Box 542179
Houston, Texas 77254
Telephone No. (713) 868-1717

Mr. James V. Pianelli
SBN: 15966740
Mr. Jack E. McGehee
SBN: 13623700
McGehee & Pianelli, L.L.P.
1225 N. Loop West, Suite 810
Houston, Texas 77008
Telephone No. (713) 864-4000

**ATTORNEYS FOR DEFENDANT FRANCIS M. GUMBEL, M.D.**

Ms. Carla Saenz
SBN: 17514595
Federal I.D. No. 7994
Carla Saenz & Associates
1325 Palm Blvd., Suite H
Brownsville, Texas 78520
Telephone No.(956) 541-2862

**ATTORNEYS FOR DEFENDANT RICHARD L. FREMAUX, M.D.**

Mr. J. Kevin Oncken
SBN: 15280050
Uzick & Oncken, P.C.
Fountainhead One Building
8200 IH-10 West, Suite 208
San Antonio, Texas 78230
Telephone No. (210) 341-7703

**ATTORNEYS FOR DEFENDANTS BROWNSVILLE-VALLEY REGIONAL MEDICAL CENTER, COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P., and VALLEY REGIONAL MEDICAL CENTER**

Mr. William Gault
SBN: 07765050
Federal I.D. No. 14685
Brin & Brin, P.C.
1325 Palm Blvd. Suite A
Brownsville, Texas 78520
Telephone No. (956) 544-7110

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

RAMONA BARRERA AND DAVID     *
BARRERA                         *
                                *
VS.                                *
                                *
BROWNSVILLE-VALLEY REGIONAL    *
MEDICAL CENTER; COLUMBIA VALLEY   *
HEALTHCARE SYSTEM, L.P.; VALLEY    *
REGIONAL MEDICAL CENTER; HCA,     *
INC., RICHARD L. FREMAUX, M.D.; AND   *
FRANCIS M.. GUMBEL, M.D.           *

CIVIL ACTION NO._____
JURY DEMANDED

**B-02-*080**

## INDEX OF MATTERS FILED

1.     Civil Cover Sheet

2.     Notice of Removal

3.     Notice of Removal Fee - $150.00

4.     Defendants' Consent to Removal to Federal Court

5.     Certified Copies of Executed Process

6.     Certified Copies of Parties' Pleadings

7.     Certified Copy of Docket Sheet

8.     List of Counsel of Record

BARRERA/VRMC: ANSWER
PAGE 1

(C)    **ATTORNEYS FOR PLAINTIFFS**

Mr. Timothy Riley
SBN: 16931300
Riley Law Firm
PO Box 542179
Houston, Texas 77254
Telephone No. (713) 868-1717

Mr. James V. Pianelli
SBN: 15966740
Mr. Jack E. McGehee
SBN: 13623700
McGehee & Pianelli, L.L.P.
1225 N. Loop West, Suite 810
Houston, Texas 77008
Telephone No. (713) 864-4000

**ATTORNEYS FOR DEFENDANTS**

Ms. Carla Saenz
SBN: 17514595
Federal I.D. No. 7994
Carla Saenz & Associates
1325 Palm Blvd., Suite H
Brownsville, Texas 78520
Telephone No.(956) 541-2862

Mr. J. Kevin Oncken
SBN: 15280050
Uzick & Oncken, P.C.
Fountainhead One Building
8200 IH-10 West, Suite 208
San Antonio, Texas 78230
Telephone No. (210) 341-7703

Mr. William Gault
SBN: 07765050
Federal I.D. No. 14685
Brin & Brin, P.C.
1325 Palm Blvd. Suite A
Brownsville, Texas 78520
Telephone No. (956) 544-7110