United States District Court
Southern District of Texas
FILED

MAY 21 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAMONA BARRERA AND | § | |
| DAVID BARRERA | § | |
| | § | |
| v. | § | CIVIL ACTION NO. CV-B-02-080 |
| | § | |
| BROWNSVILLE-VALLEY REGIONAL | § | |
| MEDICAL CENTER; COLUMBIA VALLEY | § | |
| HEALTHCARE SYSTEM, L.P.; VALLEY | § | |
| REGIONAL MEDICAL CENTER; HCA, | § | |
| INC., RICHARD L. FREMAUX, M.D.; AND | § | |
| FRANCIS M. GUMBEL, M.D. | § | |

### DEFENDANT, RICHARD L. FREMAUX, M.D.'S
### FIRST AMENDED ORIGINAL ANSWER TO
### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes, RICHARD L. FREMAUX, M.D., a Defendant in the above entitled and numbered cause, and files this his First Amended Original Answer to Plaintiffs' Original Petition. In support thereof, the Defendant would respectfully show the Court as follows:

I.

Subsequent to removal of this case to Federal Court, Plaintiffs filed a First Amended Petition in State Court. Because that document has neither been filed nor adopted in the Federal Court action, the Defendant responds to the Plaintiffs' Original Answer which was forwarded to this Honorable Court on removal. Therefore, the Defendant files his Answer to Plaintiffs' Original Petition as follows:

(1)     Paragraph 1 of Plaintiffs' Original Petition requires no response from this Defendant.

(2)    Paragraph 2 of Plaintiffs' Original Petition requires no response from this Defendant.

(3)    The Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 3 of Plaintiffs' Original Petition.

(4)    The Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph 4 of Plaintiffs' Original Petition.

(5)    Based upon the admission of HCA that Brownsville Valley Regional Medical Center, Inc., is a Texas corporation, the Defendant admits that aspect of Paragraph 5 of Plaintiffs' Original Petition. The Defendant is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 5 of Plaintiffs' Original Petition.

(6)    Based upon HCA's admission that Columbia Valley Healthcare System, L.P. is a foreign limited partnership, the Defendant admits that aspect of Paragraph 6 of Plaintiffs' Original Petition. The Defendant is without sufficient knowledge to admit or deny the remainder of Paragraph 6 of Plaintiffs' Original Petition.

(7)    Based upon HCA's admission that HCA, Inc. is a foreign corporation and is the "indirect" parent corporation of the entity that runs Valley Regional Medical Center, the Defendant admits that aspect of Paragraph 7 of Plaintiffs' Original Petition. The Defendant is without sufficient knowledge to admit or deny the remainder of Paragraph 7 of Plaintiffs' Original Petition.

(8)   Based upon HCA's admission that Valley Regional Medical Center is an assumed name for Valley Healthcare, the Defendant admits that aspect of Paragraph 8 of Plaintiffs' Original Petition. The Defendant is without sufficient knowledge to admit or deny the remainder of Paragraph 8 of Plaintiffs' Original Petition.

(9)   The Defendant is without sufficient knowledge to admit or deny Paragraph 9 of Plaintiffs' Original Petition.

(10)  The Defendant admits that Dr. Richard L. Fremaux is an individual resident of the State of Texas who maintains an office in and regularly conducts business (medical practice) in Cameron County, Texas.

(11)  The Defendant is without sufficient knowledge to admit or deny the allegations within Paragraph 11 of Plaintiffs' Original Petition.

(12)  The Defendant is without sufficient knowledge to admit or deny the allegations within Paragraph 12 of Plaintiffs' Original Petition.

(13)  Paragraph 13 does not require a response from this Defendant. However, to the extent a response is required, the allegations of Paragraph 13 are denied.

(14)  The Defendant admits that he received statutory notice from Plaintiffs as required by Article 4590i, §4.01 of the Texas Revised Civil Statutes. He is without sufficient knowledge to admit or deny the allegations within Paragraph 14 of Plaintiffs' Original Petition regarding other Defendants.

(15)  The Defendant is without sufficient knowledge to admit or deny the allegations within Paragraph 15 of Plaintiffs' Original Petition and/or herein denies the allegations within Paragraph 15 of Plaintiffs' Original Petition.

(16)  The Defendant denies the allegations within Paragraph 16 of Plaintiffs' Original Petition with respect to Ms. Barrera being healthy and active in February 2000. The Defendant is currently without sufficient knowledge and is unable to admit or deny the remainder of Paragraph 16 of Plaintiffs' Original Petition.

(17)  The Defendant denies the allegations within Paragraph 17 of Plaintiffs' Original Petition.

(18)  The Defendant denies the allegations within Paragraph 18 of Plaintiffs' Original Petition.

(19)  The Defendant denies and/or is without sufficient knowledge to either admit or deny Paragraph 19 of Plaintiffs' Original Petition.

(20)  The Defendant is without sufficient knowledge to admit or deny the allegations within Paragraph 20 as they are currently set out because they are nonspecific as to time and because they contain Plaintiffs' and/or Plaintiffs' counsel's subjective characterization of Plaintiffs' condition.

(21)  The Defendant is without sufficient knowledge to either admit or deny the allegations within Paragraph 21 of Plaintiffs' Original Petition.

(22)  The Defendant is without sufficient knowledge to admit or deny the allegations within Paragraph 22 of Plaintiffs' Original Petition.

(23)  The Defendant is currently without sufficient knowledge to admit or deny the allegations within Paragraph 23 of Plaintiffs' Original Petition regarding pedal pulses audible by Doppler only.  The Defendant denies the remaining allegations of Paragraph 23 of Plaintiffs' Original Petition.

(24)  The Defendant is currently without sufficient knowledge to admit or deny the allegations within Paragraph 24 of Plaintiffs' Original Petition.

(25)  The Defendant is currently without sufficient knowledge to admit or deny the allegations within Paragraph 25 of Plaintiffs' Original Petition.

(26)  The Defendant is currently without sufficient knowledge to admit or deny the allegations within Paragraph 26 of Plaintiffs' Original Petition.

(27)  The Defendant is currently without sufficient knowledge to admit or deny the allegations within Paragraph 27 of Plaintiffs' Original Petition.

(28)  The Defendant is currently without sufficient knowledge to admit or deny the allegations within Paragraph 28 of Plaintiffs' Original Petition.

(29)   The Defendant is currently without sufficient knowledge to admit or deny the allegations within Paragraph 29 of Plaintiffs' Original Petition.

(30)   The Defendant is currently without sufficient knowledge to admit or deny the allegations within Paragraph 30 of Plaintiffs' Original Petition.

(31)   The Defendant is currently without sufficient knowledge to admit or deny the allegations within Paragraph 31 of Plaintiffs' Original Petition.

(32)   The Defendant denies the allegations within Paragraph 32 of Plaintiffs' Original Petition.

(33)   The Defendant denies the allegations within Paragraph 33 of Plaintiffs' Original Petition.

(34)   The Defendant is currently without sufficient knowledge to admit or deny the allegations within Paragraph 34 of Plaintiffs' Original Petition.

(35)   The Defendant currently is without sufficient knowledge to admit or deny the allegations of Paragraph 35 of Plaintiffs' Original Petition.

(36)   The Defendant is currently without sufficient knowledge to admit or deny the allegations if Paragraph 36 of Plaintiffs' Original Petition.

(37)   The Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph 37 of Plaintiffs' Original Petition.

(38)    The Defendant is without sufficient knowledge to admit or deny the allegations within Paragraph 38 of Plaintiffs' Original Petition.

(39)    To the extent a response is required to Paragraph 39 of Plaintiffs' Original Petition, the Defendant is currently without sufficient knowledge to admit or deny the allegations pertaining to other Defendants.  The Defendant denies the allegations insofar as they are suggested to apply to him.

(40)    To the extent a response is required, the Defendant is without sufficient knowledge to admit or deny the allegations within Paragraph 40 of Plaintiffs' Original Petition as they pertain to other Defendants.  To the extent they are suggested to pertain to this Defendant, the allegations are denied.

(41)    To the extent a response is required, the Defendant is without sufficient knowledge to admit or deny the allegations as they pertain to other Defendants.  To the extent they are suggested to apply to this Defendant, they are denied.

(42)    To the extent a response is required, the Defendant is without sufficient information and knowledge to admit or deny the allegations within Paragraph 42 of Plaintiffs' Original Petition as they apply to other Defendants.  To the extent they are suggested to apply to this Defendant, they are denied.

(43)    To the extent a response is required, the Defendant is without sufficient knowledge to admit or deny the allegations within

Paragraph 43 of Plaintiffs' Original Petition as they apply to other Defendants. To the extent they are suggested to apply to this Defendant, they are denied.

(44)    To the extent a response is required, the Defendant is without sufficient knowledge to admit or deny the allegations within Paragraph 44 of Plaintiffs' Original Petition as they apply to other Defendants. To the extent they are suggested to apply to this Defendant, they are denied.

(45)    The Defendant is currently without sufficient knowledge to admit or deny the allegations within Paragraph 45 of Plaintiffs' Original Petition as they relate to other Defendants. To the extent they are suggested to relate to this Defendant, they are denied.

(46)    The Defendant is currently without sufficient knowledge to admit or deny the allegations within Paragraph 46 of Plaintiffs' Original Petition as they relate to other Defendants. To the extent they are suggested to relate to this Defendant, they are denied.

(47)    The Defendant denies the allegations within Paragraph 47 of Plaintiffs' Original Petition.

(48)    The Defendant denies the allegations within Paragraph 48 of Plaintiffs' Original Petition.

(49)    The Defendant denies the allegations within Paragraph 49 of Plaintiffs' Original Petition.

(50) The Defendant denies the allegations within Paragraph 50 of Plaintiffs' Original Petition.

(51) Paragraph 51 of Plaintiffs' Original Petition does not require a response from this Defendant.

(52) Paragraph 52 of Plaintiffs' Original Petition requires no response from this Defendant.

(53) To the extent a response is required, the Defendant denies the allegations within Paragraph 53 of Plaintiffs' Original Petition.

(54) Subject to the denials and responses set out hereinabove, the Defendant invokes limitation within §11.01 through §11.05 of Article 4590i of the Texas Revised Civil Statutes Annotated (Vernon Supp. 2001).

(55) Subject to the denials and response set out hereinabove, the Defendant invokes the provisions of Article 4590i, §14.01 et. seq. of the Texas Revised Civil Statutes Annotated (Vernon Supp. 2001) pertaining to the qualifications of expert witnesses.

(56) Subject to the denials and responses set out hereinabove, the Defendant invokes the provisions of §13.1 of Article 4590i of the Texas Revised Civil Statutes Annotated (Vernon Supp. 2001) which requires Plaintiffs to post a $5,000 cost bond, place $5,000 in cash into an escrow account, or file an expert report that provides a fair summary of the expert's opinions regarding applicable standards of care, the manner in which the care rendered by Dr. Fremaux failed

to meet those standards, and the causal relationship, if any, between the failure alleged and the injury, harm or damages claimed within ninety (90) days after the date Plaintiffs' claims were filed in State Court.

(57)    Subject to the denials and responses set out hereinabove, the Defendant invokes §16.01 et. seq. of Article 4590i of the Texas Revised Civil Statutes Annotated (Vernon Supp. 2001) pertaining to pre- and post-judgment interest.

(58)    Subject to the denials and responses set out hereinabove, the Defendant gives notices that, to the extent applicable, he reserves the right to exercise, and under appropriate circumstances will exercise his right to make an election under Texas Civil Practice & Remedies Code, §33.012 and §33.014.

(59)    Subject to the denials and responses set out hereinabove, the Defendant invokes the provisions of Chapter 41, §41.001 through §41.0009 of the Texas Civil Practice and Remedies Code Annotated (Vernon Supp. 1995) pertaining to exemplary damages.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, RICHARD L. FREMAUX, M.D., respectfully prays that the Court dismiss Plaintiffs' claims against Dr. Fremaux without day and enter judgment in favor of this Defendant and against Plaintiffs, together with costs and such other and further relief as the Court may deem appropriate.

Respectfully submitted,

**UZICK & ONCKEN, P.C.**

By:  _____
     J. Kevin Oncken
     State Bar No. 15280050
     Fed.I.O. 12915
Fountainhead One Building
8200 IH-10 West, Suite 208
San Antonio, Texas 78230
(210) 341-7703
(210) 341-1570 facsimile
**ATTORNEYS FOR DEFENDANT,
RICHARD L. FREMAUX, M.D.**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document has been sent in accordance with the Texas Rules of Civil Procedure to the following parties on the ___17___ day of May 2002:

Timothy D. Riley
Riley Law Firm
PO Box 542179
Houston, Texas 77254-2179

James V. Pianelli
Jack E. McGehee
McGehee & Pianelli, L.L.P.
1225 N. Loop West, Suite 810
Houston, Texas 77008

William (Bill) Gault
Brin & Brin, P.C.
1205 N. Expressway 83
Brownsville, Texas 78520

Carla Saenz
Carla Saenz & Associates
1325 Palm Blvd., Suite H
Brownsville, Texas 78520

Carlos A. Mattioli
George A. Shannon, Jr.
Shannon, Martin, Finkelstein
  & Sayre, P.C.
Two Houston Center
909 Fannin Street
Houston, Texas 77010

J. Kevin Oncken