14

United States District Court
Southern District of Texas
FILED

MAY 2 9 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RAMONA BARRERA, ET. AL.                    *
                                           *
VS.                                        *          CIVIL ACTION NO.  B-02-080
                                           *          JURY DEMANDED
BROWNSVILLE-VALLEY REGIONAL                *
MEDICAL CENTER, ET. AL.                    *

**DEFENDANTS' BROWNSVILLE-VALLEY REGIONAL MEDICAL CENTER,
COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. ,VALLEY REGIONAL
MEDICAL CENTER AND HCA INC.'S REPLY
TO PLAINTIFFS' MOTION TO REMAND**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Brownsville-Valley Regional Medical Center, Columbia Valley Healthcare

System, L.P. and Valley Regional Medical Center ("Hospital Defendants") and HCA Inc., ("HCA")

and file this reply to Plaintiffs' Motion to Remand this case to state court and would show unto the

Court as follows:

I.

**Federal Question Jurisdiction
State Claim Based Upon a Federal Right**

1. Plaintiffs' state law claim against these Defendants rests upon a substantial federal right,

creating federal question jurisdiction. *City of Chicago v. Intern'l College of Surgeons*, 522 U.S. 156,

118 S. Ct. 523, 139 L.E.2d 525, 534-35 (1997).  As noted in the authority cited by Plaintiffs, federal

question jurisdiction exists when (1) a federal question is an essential element of the state claim, (2)

interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law

is substantial. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 918 (5ᵗʰ Cir. 2001).

### A.    Federal question is an essential element

1.    Duty is an essential element of Plaintiffs' cause of action against these Defendant and Plaintiffs allege that federal law is the source of this duty. *Torrington v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2001). Plaintiffs recognize in their own petition that Texas law does not impose a duty upon Hospital Defendants for actions of a physician. Plaintiffs' Original Petition at para. 39. See *also Baptist Mem. Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 948 (Tex. 1998). To create this claim, Plaintiffs rely on 42 C.F.R. section 482.12(e), to impose a duty upon the Hospital Defendants that does not exist under Texas law. Without this alleged federally imposed duty, Plaintiffs would have no claim against Hospital Defendants under Texas law for the acts of a physician and therefore the federal issue is an essential element of Plaintiffs' claim.

2.    Although Plaintiffs' claim their incorporation of the federal regulation is merely used as a standard for holding Hospital Defendants liable under state law, their pleading goes far beyond mere use of the regulation as a standard. In *Howery*, the plaintiff invoked FTC laws, rules and regulations to describe conduct that violated the Texas Deceptive Trade Practices Act. *Howery*, at 917-18. The Plaintiffs' claim, however, was based upon alleged violation of the DTPA. The DTPA and Texas Insurance Code provided the source of the Defendant's duty, not the federal laws. *Id.* Significantly, the court noted that the alleged violations of the DTPA overlapped with those of the federal statute, thus the claim could arise solely upon the state law. *Id.*

3.    Unlike *Howery*, Plaintiffs invoke the federal regulation as the sole source of the duty to be imposed upon Hospital Defendants. As they state in their petition:

"38.    Stated broadly, the regulations quoted above *impose the*

> *following specific duties* on the hospital . . . .
>
> 43 . . . Moreover, the regulations clearly provide that the participating hospitals are to remain *"responsible"* for the acts of all contractors at the hospital. Accordingly, these *medicare regulations impose a non-delegable duty* to provide medical, nursing, surgical anesthesia and related services in a safe and effective manner, *and any failure to do so must result in liability to the participating hospital.*

Petition at para.38 and 43[1] (emphasis added). Unlike *Howery*, Plaintiffs use the federal regulation as more than a mere alternative means of liability under their state theory. There is no alternative state theory. As shown above, the federal statute is the sole source of the alleged duty and without it, Plaintiffs cannot maintain an action against the Hospital Defendants for the conduct of a physician under Texas law. Although Hospital Defendants deny these contentions, it is plain that Plaintiffs have asserted this federal duty as an essential element of their claim.

### B.    Interpretation of the federal right is necessary

As shown above, the existence of a duty under federal law is crucial to determine whether the Hospital Defendants are liable for the conduct of physicians. Plaintiffs admit that Texas law does not directly provide that a hospital is responsible for the conduct of physicians. In fact, Texas law is directly to the contrary. *Sampson*, 969 S.W.2d at 945. Thus, to resolve this issue, the Court must determine whether the federal regulations invoked by Plaintiffs create a duty upon the hospital under federal law.

Plaintiffs attempt to disguise the federal issue as a state law claim by citing Texas law regarding voluntary assumption of duty and nondelegation of duty in their motion to remand. In each case, the duty cited was created under Texas law, not a federal statute or regulation. *Torrington*, 46

---

[1] Plaintiff has two paragraphs numbered 38. Reference is to the first paragraph so numbered.

S.W.3d at 837-838 (Tex. 2001)(whether to recognize duty under *Texas* common law); *Perry v. S.N.*, 973 S.W.2d 301, 304 (Tex.1998)(whether *Texas Family Code* created tort duty to report suspected abuse); *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151,152 (Tex, 1992)(whether duty under *Texas Business and Commerce Code* was nondelegable). In none of these cases was the assumed duty *created* under federal law. Regardless of whether a duty could be assumed or delegated, whether the duty exists in the first place must still be resolved by interpreting federal regulations implemented under federal law.

### C.    The question of federal law is substantial

The final element of the *Howery* test is whether the question of federal law is substantial. *Howery*, 243 F.3d at 918. As the *Howery* court noted, in that case the state law provided the basis of the plaintiffs' claim, the state law provided alternative standards of conduct, and therefore the plaintiffs' claim would not turn on the issue of federal law. Under these circumstances, the federal issue was not substantial. *Howery*, 243 F.3d at 919.

In contrast, Plaintiffs' claim against the Hospital Defendants for the conduct of the physicians completely depends upon a question of federal law. Plaintiffs assert the federal law as an essential element of their claim. Without it, the Hospital Defendants have no duty with respect to the physicians' conduct. Here, the federal law provides the only basis for a duty, the state law provides no basis; thus, the interpretation of the federal law is substantial.

When a Plaintiff's right to relief rests upon resolution of a substantial federal question, federal courts have original jurisdiction of the action. *City of Chicago*,139 L.E.2d at 535. By invoking claims that arise under federal law, plaintiffs subject themselves to removal to the federal courts. *Id*. The Plaintiffs' claim that the Hospital Defendants are responsible for the conduct of the physicians

in this case rests completely upon the interpretation of 42 C.F.R. section 482.12(e) and related federal regulations. Thus, this Court has subject matter jurisdiction of Plaintiffs' claim.

II.

**Failure to remove within 30 days caused by Plaintiffs' failure to serve these Defendants until more than 30 days after suit filed.**

Plaintiffs filed this suit in state court on February 25, 2002 and citations for service for all Defendants were issued on that date. Three days later, on February 28, Plaintiffs' attorney delivered the citation for service to the process server and the next day it was served on Dr. Gumbel on March 1, 2002. See service of citation on Dr. Gumbel, filed with the Court and attached to Plaintiffs' Motion to Remand.

These Defendants have registered agents for service of process, the CT Corporation Systems. CT Corporation Systems is an entity that serves as a registered agent for many different businesses. Service is effected upon these Defendants by sending service to its registered agent, CT Corporation Systems. In this case, either the state district clerk or the Plaintiffs attorney only needed to mail the petition and citation of service to CT Corporation System to effect service. Plaintiffs chose not to effect service on the Hospital Defendants until March 28, 2002 which is more than 30 days after the filing of this suit and 27 days after service upon Dr. Gumbel. Service was effected upon the registered agent for the Hospital Defendants on the Thursday before the Easter weekend. After service was effected upon the registered agent for service, the registered agent then had to transmit it to the Hospital Defendants or their representatives and it had to be forwarded to defense counsel. The citation for HCA was issued on February 25, 2002, but was not served until April 23, 2002. HCA could not have removed this case within 30 days of service upon the first Defendant as they

BARRERA/VRMC RESREMAN
PAGE 5

had not been served with the case prior to that time. The consent to remove signed by all Defendants except HCA was filed when the case was removed and HCA filed its consent to remove with its answer. If the Court finds the removal was timely, the consent to remove should also be timely.

Plaintiffs chose to delay service upon these Defendants until over one month after Plaintiffs filed suit while Plaintiffs could have merely mailed the petition and citation to these Defendants on the day it was issued, February 25, 2002. While it is not impossible for these Defendants to have removed this case within 30 days of service of the first Defendant, the timing of the service on the Defendants that was done purposely by Plaintiffs making the removal within 30 days of service on the initial Defendant highly unlikely.

### III.

It would be inequitable for the Court to remand this case. The Plaintiffs did not make any allegations against Dr. Gumbel or Dr. Fremaux, the doctor Defendants based upon a federal issue and they had no reason to remove the case to federal court. Furthermore, the Plaintiffs reliance upon *Getty Oil Corporation v. Insurance Company of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988) is flawed. The Court states that in cases involving multiple Defendants the 30 day period begins to run as soon as the first Defendant is served "(provided the case is then removable)". When Dr. Gumbel was served with the case, the Plaintiffs were not alleging any federal questions against him and were only alleging state law claims against him. The U.S. Supreme Court in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322, 1329-1330 (1999) held that "In sum, it would take a clearer statement than Congress has made to read its endeavor to extend removal time (by adding receipt of the complaint) to effect so strange a change–to set removal apart from all other responsive acts, to render removal the sole instance in which one's procedural rights

slip away before service of a summons, *i.e.*, before one is subject to any court's authority." As noted by the Fourth Circuit, "Congress created the removal process to protect Defendants. It did not extend such protection with one hand, and with the other give Plaintiffs a bag of tricks to overcome it." *McKinney v. Board of Trustees of Maryland Comm. Col.*, 955 F.2d 924, 928 (4th Cir. 1992).

Clearly, by effecting personal service on a doctor Defendant that has no right to remove the case and then waiting 27 days before serving corporate Defendants by and through their registered agents for service, CT Corporation Systems on the Thursday before the Easter weekend and more than 30 days after service of the citation had been issued by the clerk has, in effect, attempted to deprive these Defendants of the right to remove a case in which the Plaintiffs are attempting to hold them liable for the acts of other Defendants based upon a federal question.

WHEREFORE, Defendants Brownsville-Valley Regional Medical Center, Columbia Valley Healthcare System, L.P., Valley Regional Medical Center and HCA Inc. move that the Court retain jurisdiction over this matter and for such other and further relief, at law or in equity, to which these Defendants may justify themselves entitled to receive.

Respectfully submitted,

By: _____
    William Gault
    Attorney in Charge
    Federal ID No. 14685
    State Bar No. 07765050
    1325 Palm Blvd., Suite A
    Brownsville, Texas 78520
    (956) 544-7110
    (956) 544-0607 Telecopier

Of Counsel:

BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

ATTORNEY FOR DEFENDANTS
BROWNSVILLE-VALLEY     REGIONAL
MEDICAL CENTER, COLUMBIA VALLEY
HEALTHCARE SYSTEM, L.P., VALLEY
REGIONAL MEDICAL CENTER

Carlos Mattioli
Attorney in Charge
Federal I.D. No. 20122
Texas State Bar No. 00789474
2400 Two Houston Center
909 Fannin Street
Houston, Texas 77010
ATTORNEY FOR DEFENDANT HCA, INC.

## CERTIFICATE OF SERVICE

       This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the $\underline{29}$ day of May, 2002.

Mr. Timothy Riley                  **VIA CMRRR # 7000 0520 0022 1414 4707**
Riley Law Firm
PO Box 542179
Houston, Texas 77254

Mr. James V. Pianelli              **VIA REGULAR MAIL**
Mr. Jack E. McGehee
McGehee & Pianelli, L.L.P.
1225 N. Loop West, Suite 810
Houston, Texas 77008

Mr. Carlos Cisneros              **VIA REGULAR MAIL**
Mr. Charles Mattingly
Cisneros & Mattingly, P.C.
845 E. Harrison Street, Ste. A
Brownsville, Texas 78520

Ms. Carla Saenz                **VIA REGULAR MAIL**
Carla Saenz & Associates
1325 Palm Blvd., Suite H
Brownsville, Texas 78520

Mr. J. Kevin Oncken             **VIA REGULAR MAIL**
Uzick & Oncken, P.C.
Fountainhead One Building
8200 IH-10 West, Suite 208
San Antonio, Texas 78230

Mr. Carlos Mattioli             **VIA REGULAR MAIL**
Shannon, Martin, Finkelstein & Sayre, P.C.
2400 Two Houston Center
909 Fannin Street
Houston, Texas 77010

_____
William Gault