IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 3 1 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RAMONA BARRERA and DAVID BARRERA | § § § | |
| vs. | § § | CASE NUMBER B-02-080 |
| BROWNSVILLE-VALLEY REGIONAL MEDICAL CENTER, ET AL. | § § § § | JURY REQUESTED |

**PLAINTIFFS' REPLY TO
RESPONSE TO MOTION TO REMAND**

1.    The response of defendants Brownsville-Valley Regional Medical Center, Columbia Valley Healthcare System, L.P., and Valley Regional Medical Center ("Hospital Defendants"), to plaintiffs' motion to remand is legally deficient.  Moreover, the reply is factually insupportable, and is offensive in the completely groundless claims of manipulation made therein.

*Legal Deficiencies*

*Procedural*

2.    The Hospital Defendants do not dispute that they filed their petition for removal fifty-two days after the first defendant, Dr. Gumbel, was served.  This was clearly untimely according to binding Fifth Circuit authority.[1]

3.    The only legal excuse offered by the Hospital Defendants is that perhaps the case was not removable by Dr. Gumbel when he was served.[2]  Understandably, there is no authority cited by the Hospital Defendants for that dubious proposition.

---

[1]    *Getty Oil Corp. v. Insurance Co. of North America,* 841 F.2d 1254, 1262-63 (5th Cir. 1988).

[2]    *See* Reply to Motion to Remand, page 6, ¶ III.

4.    Plaintiffs' original petition did not change between the time Dr. Gumbel was served and the short time later that the Hospital Defendants were served. The petition clearly does not raise a federal cause of action or a federal question. However, if it had, as the Hospital Defendants allege, under federal question jurisdiction, "any defendant," including Dr. Gumbel, would have had the right to remove the action to federal court.[3]

5.    There is one exception to this rule: if the claims against the Hospital Defendants were completely "separate and independent" from the claims raised against Dr. Gumbel, then the Hospital Defendants could remove after they were served.[4] However, the Hospital Defendants do not contend that the claims are "separate and independent" so as to invoke this exception, nor could they do so in good faith, in light of the facts as stated in the petition for removal.[5]

*Substantive*

6.    In support of their position that the claims in this case raise a "substantial federal question," the Hospital Defendants cite *City of Chicago v. International College of Surgeons.*[6] However, the *City of Chicago* case involved a property owner who brought suit against a city in state court, challenging the federal constitutionality of

---

[3]    28 USC § 1441(b). *See, e.g., Woodward v. D. H. Overmyer Co.,* 428 F.2d 880, 883 n.3 (2d Cir. 1970).

[4]    *Henry v. Independent Am. Sav. Ass'n,* 857 F.2d 995, 999 (5th Cir. 1988).

[5]    Refer to Notice of Removal, p. 2, ¶ II.

[6]    522 U.S. 156 (1997).

city administrative regulatory decisions.[7] The United States Supreme Court logically concluded that when a plaintiff's suit raises challenges to the enforceability of city ordinances under the Constitution of the United States of America, a substantial federal constitutional question is raised, thus invoking federal jurisdiction.[8]

7.      By way of direct contrast, the Fifth Circuit recently held, in *Howery v. Allstate Ins. Co.,*[9] that when a plaintiff only alleges violation of a federal statute or regulation as a basis for imposition of liability under a state law cause of action, no federal question jurisdiction arises.[10]    Despite the obvious similarities, the Hospital Defendants attempt to distinguish *Howery* from the case at bar on the basis that there were state statutory claims raised in *Howery,* while only state common law claims are raised in the instant case.[11]    However, there is absolutely nothing in *Howery* to suggest that it was meaningful to the outcome that there was a state statutory rather than a state common law cause of action alleged.

8.      The instant case also is markedly similar to the United States Supreme Court case of *Merrell Dow Pharmaceuticals, Inc. v. Thompson.*[12]    In *Thompson,* the plaintiffs sued Merrell Dow for injuries allegedly caused by the administration of a drug,

---

[7]      *Id.* at 159-60.

[8]      *Id.* at 164.

[9]      243 F.3d 912 (5th Cir.), *cert. denied,* ___ U.S. ___, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001)

[10]     *Id.* at 818-19.

[11]     Refer to Reply to Motion to Remand, at p. 2, ¶ 2.

[12]     478 U.S. 804 (1986).

Bendectin. The claims were brought under state law but, as a basis for imposition of state common law liability, the plaintiffs contended the drug manufacturer had violated labeling and marketing requirements imposed by the federal Food, Drug, and Cosmetic Act.[13] The Supreme Court unequivocally concluded that no federal jurisdiction was invoked under these types of claims.[14] *Thompson*, unlike *Howery*, involved state common law and not state statutory claims. The result, however, was the same. The Hospital Defendants make no attempt to distinguish *Thompson* from the case at bar, nor could they plausibly do so. There simply is no federal question jurisdiction in this case under the complaint as filed.

### *Factual Deficiencies*

9.    The Hospital Defendants next contend that they should be granted consideration because plaintiffs' counsel allegedly manipulated service on the Hospital Defendants to deprive them of their "right" to remove the case to federal court. Despite the fact that no legal authority is cited for the relief requested, the factual premise behind the plea could not be further from the truth.

10.    The suit was filed by mail in state court on February 19, 2002, and was received by the District Clerk on February 25, 2002.[15] In the initial filing, issuance of citation for service on all defendants was requested.  It was the Hospital Defendants that elected to have agents for service of process in Dallas County, not the plaintiffs.  In

---

[13]    *Id.* at 805.

[14]    *Id.* at 817.

[15]    Tab A.

any event, service on the local defendants was requested with the filing by local constable, and return of the citations to the out-of-county defendants was requested so that those defendants could be served by the constable in their county of residence.[16]

11.    This method of service is the traditional method, and remains expressly authorized by TEX. R. CIV. PROC. 106(a)(1). This method of personal service was selected by the undersigned not to cause delay, but to *avoid* possible delay. For example, if service by certified mail is requested, the plaintiff is entirely dependent on the defendants' agents' election as to when to pick up or accept the certified mail, the return of the mail citation to the clerk, *etc.* Questions are sometimes raised as to the identity or authority of the person who signed for the delivery. If disputed, service is much more easily challenged with certified mail service because there are no available witnesses with respect to the identity or signature of the accepting agent. The same concerns are not true when the constable personally serves the citation, certifies the service under oath, and returns the citation to the filing attorney. In short, in the experience of the undersigned, service by constable is usually much more reliable and less time-consuming than service by certified mail.

12.    Service in this case was diligently pursued. On February 28, 2002, three days after the suit was filed and the day before Dr. Gumbel was served, counsel for Dr. Fremaux contacted the undersigned and agreed to accept service on that defendant. On that same day, the undersigned checked with his legal assistant and

---

[16]    *Id.*

asked the status of the returned citations on the corporate defendants.[17]  On checking, the legal assistant learned that, unfortunately, the out-of-county citations had not been immediately processed and returned, but she was promised that they would be received shortly.[18]

13.    The citations were not received until sometime around March 13, 2002.  They were promptly thereafter forwarded, via mail, to the Dallas County Sheriff for service on March 13, 2002.[19]  The return of citation reflects that the serving officer did not receive the citations until March 26, and served the agent on March 28.[20]

14.    The bald and unsupported statement by counsel for the Hospital Defendants that the undersigned somehow attempted to manipulate a delay in service to hide the existence of the lawsuit from the Hospital Defendants is completely unfounded and offensive.  Not only do the facts of the service requests not support the claim but, notably, discovery was served on Dr. Fremaux's counsel on March 8, 2002.  As a courtesy, copies of that discovery were served on counsel for both Dr. Gumbel and the Hospital Defendants by telecopier, even though neither had yet formally appeared in the suit.[21]  Hardly the act of counsel trying to hide the existence of the suit from the recipients.

---

[17]    Tab B.

[18]    *Id.*

[19]    Tab C.

[20]    Tab D.

[21]    *See, e.g.,* Tab E.

15. Thus, counsel for the Hospital Defendants was fully aware of this suit by no later than March 8, 2002, one week from the date of service of the first defendant. If that counsel did not already have a copy of the petition, a simple phone call to the undersigned would have resulted in the immediate faxing of a courtesy copy, just as it did in response to Dr. Fremaux's counsel's request.[22]

16. Despite the Hospital Defendants' unfounded protestations to the contrary, there is no valid "equitable" reason to deny remand in this case.

### *Conclusion*

17. The Hospital Defendants have provided no legitimate basis to deny plaintiffs' motion to remand, either as to the procedural or substantive deficiencies in the removal petition. In accordance with the prevailing authority and the undisputed facts, plaintiffs respectfully move that this case be remanded to state court.

Respectfully submitted;

Timothy D. Riley
Attorney-In-Charge
Federal Admissions No. 521
State Bar No. 16931300

Of Counsel:

RILEY LAW FIRM

P. O. Box 542179
Houston, Texas 77254-2179
Telephone (713) 868-1717
Telecopier (713) 868-9393

---

[22] Tab F.

-7-

### Certificate of Service

This is to certify that a copy of this document was served on the following known counsel for parties to this cause, by USCMRRR, on May 31, 2002:

Carla M. Saenz
CARLA M. SAENZ & ASSOCIATES
1325 Palm Boulevard, Suite H
Brownsville, Texas 78520-7239

William R. Gault
BRIN & BRIN, P.C.
1325 Palm Boulevard, Suite A
Brownsville, Texas 78520-7268

J. Kevin Oncken
UZICK & ONCKEN, P.C.
8200 I-10 West, Suite 208
San Antonio, Texas 78230

Carlos Mattioli
SHANNON, MARTIN, FINKELSTEIN & SAYRE
909 Fannin, Suite 2400
Houston, Texas 77010-1026

Carlos Cisneros
Chuck Mattingly
CISNEROS & MATTINGLY
845 E. Harrison, Suite A
Brownsville, Texas 78520-7753

Timothy D. Riley

-8-

# RILEY LAW FIRM

### Principal Office Houston:

**Timothy D. Riley**

Board-Certified
Civil Trial Law and
Personal Injury Trial Law
Texas Board of Legal Specialization

P. O. Box 542179
Houston, Texas 77254-2179
Telephone (713) 868-1717
Telecopier (713) 868-9393
Mobile (713) 703-7667
Internet: www.txtrial.com
E-mail: tdr@txtrial.com
February 19, 2002

**Brownsville Office:**

845 East Harrison, Suite A
Brownsville, Texas 78520-7120
Telephone (956) 550-8825
Telecopier (956) 550-8856

FILED 9.00 O'CLOCK
AURORA DE LA GARZA, DIST CLERK
FEB 25 2002
DISTRICT COURT OF CAMERON COUNTY

Aurora de la Garza
Cameron County District Clerk
974 E. Harrison
Brownsville, Texas 78520

Re:     Cause No. 02-02-823 Ramona Barrera and David Barrera v. Brownsville —
Valley Regional Medical Center et al; In the 138th District Court of Cameron
County, Texas

Dear Ms. de la Garza:

Please **FILE** the enclosed **Plaintiffs' Original Petition** and issue citations for service for the defendants listed below.  Please serve the two in-county defendants and forward the remaining out-of-county citations to the undersigned for further handling.

1. Defendant, Brownsville — Valley Regional Medical Center, Inc., by and through its registered agent for service, CT Corporation System, 350 North St. Paul, Dallas, Texas 75201.

2. Defendant, Columbia Valley Healthcare Systems, L.P., by and through its registered agent for service, CT Corporation System, 350 North St. Paul, Dallas, Texas 75201.

3. Defendant, HCA, Inc., by and through its registered agent for service, CT Corporation System, 530 Gay Street, Knoxville, Tennessee 37902.

4. Defendant, Valley Regional Medical Center, by and through its registered agent for service, CT Corporation System, 350 North St. Paul, Dallas, Texas 75201.

5. Defendant, Francis M. Gumbel, M.D., 645 Villa Maria Blvd., Brownsville, Texas 78520.

6. Defendant, Richard L. Fremaux, M.D., 100A Alton Gloor Boulevard, Brownsville, Texas 78526.

Enclosed is our firms check in the amount of $343.00 for filing the petition, issuance of citations and payment for the jury fee in the above referenced case.

Aurora de la Garza
February 19, 2002
Page 2


     Please indicate the date and time of filing in the margins of the copy of this letter and return same in the enclosed prepared envelope.

           Sincerely,

           Barbara L. Cooper
           Litigation Case Manager

Enclosures:
        check #0104

*W:\CASES\Mp\MI\BARRA\barralct001.doc*

## Tim Riley

**From:** "Barbara Cooper@lawtx.com" <bcooper@lawtx.com>
**To:** "Tim Riley" <tdr@txtrial.com>
**Sent:** Thursday, February 28, 2002 2:34 PM
**Subject:** Re: Barrera

The corporate citations have not come back to us yet. I called Cameron County and was advised that the citations were just issued on MOnday, and we should receive them anytime. I called Cameron County Sheriff Dept. and asked them not to serve Dr. Fremaux. I was told that the Sherriff just received the citations from the Court this morning, the constable took it with him, but they will call him and try to stop it from being served.

> ----- Original Message -----
> **From:** Tim Riley
> **To:** DeLong, Dale E. ; Cooper, Barbara
> **Sent:** Thursday, February 28, 2002 1:12 PM
> **Subject:** Barrera
>
> FYI, Kevin Oncken has agreed to accept service on Dr. Fremaux. Please call off the constable as to him. Thanks.
>
> BTW, what did we do with the citations on the corporate defendants?
>
> Tim Riley *
> Riley Law Firm
> Main Office:
> P. O. Box 542179
> Houston, Texas 77254-2179
> Phone 713.868.1717
> Fax 713.868.9393
> Mobile 713.703.7667
>
> Website: www.txtrial.com
> www.rileyforcongress.com
> Brownsville Office:
> 845 East Harrison, Suite A
> Brownsville, Texas 78520-7120
> 956.550.8825
>
> * Board-Certified, Civil Trial Law and Personal Injury Trial Law
>   Texas Board of Legal Specialization

5/30/2002

# McGehee & Pianelli, L.L.P.

A Registered Limited Liability Partnership of Professional Corporations

1225 N. Loop West, Suite 810
Houston, Texas 77008-1761
Telephone (713) 864-4000   Fax (713) 868-9393
URL: http://www.lawtx.com   Email: texlaw@lawtx.com

JACK E. McGEHEE, P.C.
BOARD CERTIFIED
TEXAS BOARD OF LEGAL SPECIALIZATION
PERSONAL INJURY TRIAL LAW
NATIONAL BOARD OF TRIAL ADVOCACY
AMERICAN BOARD OF
PROFESSIONAL LIABILITY ATTORNEYS

JAMES V. PIANELLI, P.C.
BOARD CERTIFIED
TEXAS BOARD OF LEGAL SPECIALIZATION
CIVIL TRIAL LAW
PERSONAL INJURY TRIAL LAW

RODGIE S. MANN, R.N., B.S.N.

March 13, 2002

Dallas County Sheriff
133 North Industrial Blvd, LB 31
Dallas, Texas 75206

Re:     Cause No. 2002-02-823-B;  Ramona Barrera and David Barrera v. Brownsville –
        Valley Regional Medical Center et al; In the 138th District Court of Cameron
        County, Texas

Dear Sheriff:

Please serve the following Defendants with citations enclosed:

1.  Defendant, Brownsville – Valley Regional Medical Center, Inc., by and through its
    registered agent for service, CT Corporation System, 350 North St. Paul, Dallas, Texas
    75201.

2.  Defendant, Columbia Valley Healthcare Systems, L.P., by and through its registered
    agent for service, CT Corporation System, 350 North St. Paul, Dallas, Texas  75201.

3.  Defendant, Valley Regional Medical Center, by and through its registered agent for
    service, CT Corporation System, 350 North St. Paul, Dallas, Texas  75201.

Enclosed is our firms check in the amount of $165.00 for your services in the above
referenced case.

Sincerely,

Yolanda Rios
Legal Assistant

/yr
Enclosures:     check #010456
Barrelet003.doc

McGEHEE & PIANELLI, L.L.P.

010456

Account Detail:

Dallas County Sheriff
Dallas County Sheriff - Service of Citation re: BARRA

10456    3/13/2002    $165.00

Dallas County Sheriff's Dept.
Writ Enforcement Section 3132
133 N. Industrial Blvd. LB-31
Dallas, TX 75207

1-6370    $165.00

SECURITY CHECKS BY TEDPRINT · CALL (800) 285-5862  N.T. 0222345

...ation for Personal Service - NON-RESIDENT NOTICE        Lit. Seq. # 5.005.01

06895

No. 2002-02-000823-B

2002 ORIGINAL 9:36

THE   STATE   OF   TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If
...u or your attorney do not file a written answer with the clerk who issued thi...
...tation by 10:00 a.m. on the Monday next following the expiration of twenty
...ys after you were served this citation and petition, a default judgment may b...
...ken against you.

| DEP. NO. | DATE |
|----------|------|
| 413 | 3-26-02 |

...): VALLEY REGIONAL MEDICAL CENTER
    SERVING REGISTERED AGENT
    ...CT CORPORATION SYSTEM
    350 NORTH ST. PAUL
    DALLAS, TEXAS 75201

...e        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

...AINTIFFS' ORIGINAL PETITION

... or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
...ys after the date of service of this citation before the Honorable District
...urt 138th Judicial District of Cameron County, Texas at the Courthouse of sai...
...unty in Brownsville, Texas. Said _____ PETITION _____ was filed on
...BRUARY 25, 2002 . A copy of same accompanies this citation.

...e file number of said suit being No. 2002-02-000823-B.

...e style of the case is:

RAMONA BARRERA AND DAVID BARRERA
VS.
BROWNSVILLE-VALLEY REGIONAL MEDICAL CENTER; COLUMB...

DALLAS COUNTY
SHERIFF FEE COLLECTED

...aid petition was filed in said court by _____ TIMOTHY D. RILEY
Attorney for _____ PLAINTIFF _____ ), whose address is
...O. BOX 542179 HOUSTON, TEXAS 77254-2179

The nature of the demand is fully shown by a true and correct copy of the
...etition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to
...equirements of law, and the mandates thereof, and make due return as the law
...irects.

Issued and given under my hand and seal of said Court at Brownsville,
...exas, this the 25th day of FEBRUARY , A.D. 2002.

CERTIFIED COPY

RETURN OF OFFICER

me to hand the _26_ day of _MAR_ , _2002_ , at _8_ o'clock _P_ .M., and

ecuted (not executed) on the _28_ day of _MAR_ , _2002_ by delivering to

_C 7 CORP SYS R/A_ in person a true copy of this Citation,

on which I endorsed the date of delivery, together with the accompanying copy

! the _____ .

use of failure to execute this citation is: _____

BES serving 1 copy

tal....... $ _65_

Sheriff/constable _____ _____ County,

By _____ Deput

J.J. Pena #150
Deputy Sheriff

es paid by: _____



Dallas County Sheriff's Dept.
Writ Enforcement Section 3132
133 N. Industrial Blvd. LB-31
Dallas, TX 75207

FILED _9/8_ O'CLOCK _A_ M
AURORA DE LA GARZA, DIST. CLERK

APR 12 2002

DISTRICT COURT, CAMERON COUNTY TEXAS
BY _Rosie Sotelo_ DEPUTY
Rosie Sotelo

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _4/11/02_
DEPUTY



CERTIFIED COPY

ation for Personal Service - <u>NON-RESIDENT NOTICE</u>    Lit. Seq. # <u>5.004.01</u>

0 6 8 9 4

No. <u>2002-02-000823-B</u>    ORIGINAL

2002 MAR 26  AM 9: 36

T H E    S T A T E    O F    T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If
or your attorney do not file a written answer with the clerk who issued this
ation by 10:00 a.m. on the Monday next following the expiration of twenty
s after you were served this citation and petition, a default judgment may be
en against you.

COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P.
SERVING REGISTERED AGENT
CT CORPORATION SYSTEM
350 NORTH ST. PAUL
DALLAS, TEXAS 75201

| DEP. NO. | DATE |
|----------|------|
| 913 | 3-26-02 |

        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

LAINTIFFS' ORIGINAL PETITION

or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
's after the date of service of this citation before the Honorable District
rt <u>138th</u> Judicial District of Cameron County, Texas at the Courthouse of said
nty in Brownsville, Texas.  Said _____ PETITION _____ was filed on
RUARY 25, 2002 .  A copy of same accompanies this citation.

file number of said suit being No. <u>2002-02-000823-B</u>.

style of the case is:

DALLAS COUNTY
SHERIFF FEE COLLECTED

_____ RAMONA BARRERA AND DAVID BARRERA _____
VS.
BROWNSVILLE-VALLEY REGIONAL MEDICAL CENTER'; COLUMB

d petition was filed in said court by _____ TIMOTHY D. RILEY
torney for _____ PLAINTIFF _____ ), whose address is
.BOX 542179 HOUSTON, TEXAS  77254-2179

The nature of the demand is fully shown by a true and correct copy of the
tition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to
quirements of law, and the mandates thereof, and make due return as the law
rects.

Issued and given under my hand and seal of said Court at Brownsville,
xas, this the <u>25th</u> day of <u>FEBRUARY</u> , A.D. 2002.

R E T U R N   O F   O F F I C E R

to hand the _26_ day of _Mah_ _202_, at _5_ o'clock _2_.M., and

uted (not executed) on the _28_ day of _Mah_ _2002_, by delivering to

_7 CORP Sys R/0_ in person a true copy of this Citation,

which I endorsed the date of delivery, together with the accompanying copy

the _____

se of failure to execute this citation is: _____

S serving 1 copy

al....... $_55_

as paid by:_____

| Sheriff/constable | _____ | County Dep. #150 |
| By | _____ | Deputy Sheriff |
| | | Deputy |



Dallas County Sheriff's Dept.
Writ Enforcement Section 3132
133 N. Industrial Blvd. LB-31
Dallas, TX 75202

FILED _6:40_ O'CLOCK _A_ M
AURORA DE LA GARZA, DIST. CLERK

APR 1 2 2002

DISTRICT COURT, CAMERON COUNTY TEXAS
BY _Rosie Sotelo_ DEPUTY
Rosie Sotelo

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _4/17/02_
_Yolanda Zambrano_
DEPUTY

(SEAL: DISTRICT COURT ★ CAMERON COUNTY, TEXAS)

tation for Personal Service – NON-RESIDENT NOTICE   Lit. Se~~q~~ 0 6 0.0~~3~~ 01

No. 2002-02-000823-B   2002 ORIGINAL 96

# T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If
~~y~~ou or your attorney do not file a written answer with the clerk who issued thi~~s~~
~~c~~itation by 10:00 a.m. on the Monday next following the expiration of twenty
~~d~~ays after you were served this citation and petition, a default judgment may b~~e~~
~~t~~aken against you.

SA# 6893

| DEP. NO. | DATE |
|----------|------|
| 413 | 2-26-02 |

~~T~~O: BROWNSVILLE VALLEY REGIONAL MEDICAL
SERVING REGISTERED AGENT
C.T. CORPORATION SYSTEM
350 NORTH ST. PAUL
DALLAS, TEXAS 75201

~~T~~he _____ DEFENDANT _____ ,  GREETING:

You are commanded to appear by filing a written answer to the

~~P~~LAINTIFFS' ORIGINAL PETITION

~~a~~t or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
~~d~~ays after the date of service of this citation before the Honorable District
~~C~~ourt 138th Judicial District of Cameron County, Texas at the Courthouse of sa~~id~~
~~C~~ounty in Brownsville, Texas.  Said _____ PETITION _____ was filed on
~~F~~EBRUARY 25, 2002 .  A copy of same accompanies this citation.

~~T~~he file number of said suit being No. 2002-02-000823-B.

~~T~~he style of the case is:

RAMONA BARRERA AND DAVID BARRERA
VS.
BROWNSVILLE-VALLEY REGIONAL MEDICAL CENTER';COLUMB

DALLAS COUNTY
SHERIFF FEE COLLECTED

~~S~~aid petition was filed in said court by _____ TIMOTHY D. RILEY
~~A~~ttorney for _____ PLAINTIFF _____ ), whose address is
~~P~~.O. BOX 542179 HOUSTON, TEXAS  77254-2179

The nature of the demand is fully shown by a true and correct copy of the
~~p~~etition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to
~~r~~equirements of law, and the mandates thereof, and make due return as the law
~~d~~irects.

Issued and given under my hand and seal of said Court at Brownsville,
~~T~~exas, this the 25th day of FEBRUARY , A.D. 2002

CERTIFIED COPY

R E T U R N   O F   O F F I C E R

to hand the _26_ day of _MAR_, _2002_, at _8_ o'clock _P_.M., and

_uted_ (not executed) on the _28_ day of _MAR_, _2002_, by delivering to

_. 7 CORP SYS RA_____ in person a true copy of this Citation,

_. _which I endorsed the date of delivery, together with the accompanying copy

_he_ _____

_se_ of failure to execute this citation is: _____

S serving 1 copy

al....... $ _5.-_ ____        Sheriff/constable _____ County,

                                                        J.J. Pena #150
s paid by:_____        By _____  Deputy Sheriff __ Deputy

**Dallas County Sheriff's Dept.**
**Writ Enforcement Section 5132**
**133 N. Industrial Blvd. LB-31**
**Dallas, TX 75207**
FILED _9:50_ O'CLOCK _A_ M
AURORA DE LA GARZA, DIST. CLERK

APR 1 2 2002

DISTRICT COURT, CAMERON COUNTY TEXAS
BY _Rosie Sole_ DEPUTY
Rosie Sotelo

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _4/11/02_
BY _Yolanda Zambrano_
DEPUTY

# FACSIMILE COVER PAGE

| | | | |
|---|---|---|---|
| **To :** | **William Gault** | **From :** | TIMOTHY D. RILEY |
| **Sent :** | 3/8/2002 at 12:07:24 PM | **Pages :** | 4 (including Cover) |
| **Subject :** | | | |

NO. 2002-02-823-B

| RAMONA BARRERA and<br>DAVID BARRERA | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | |
| | § | |
| BROWNSVILLE - VALLEY REGIONAL | § | CAMERON COUNTY, TEXAS |
| MEDICAL CENTER; COLUMBIA VALLEY | § | |
| HEALTHCARE SYSTEM, L.P.; VALLEY | § | |
| REGIONAL MEDICAL CENTER; HCA, | § | |
| INC.; RICHARD L. FREMAUX, M.D.; and | § | |
| FRANCIS M. GUMBEL, M.D. | § | 138th JUDICIAL DISTRICT |

### REQUESTS FOR DISCLOSURE TO
### DEFENDANT FRANCES GUMBEL, M.D.

Pursuant to Rule 194, you are requested to disclose, within 30 days of service of this request, the information or material described in the Rules as checked off below:

✓   194.2(a)   the correct names of the parties to the lawsuit;

✓   194.2(b)   the name, address, and telephone number of any potential parties;

✓   194.2(c)   the legal theories and, in general, the factual bases of the responding party's claims or defenses.

✓   194.2(d)   the amount and any method of calculating economic damages;

✓   194.2(e)   the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

✓   194.2(f)   for any testifying expert:

    ✓   the expert's name, address, and telephone number;

    ✓   the subject matter on which the expert will testify;

    ✓   the general substance of the expert's mental impressions and opinions and a brief summary of the bases for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

✓    if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

    ✓    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    ✓    the expert's current resume and bibliography;

✓    194.2(g)    any discoverable indemnity and insuring agreements;

✓    194.2(h)    any discoverable settlement agreements;

✓    194.2(i)    any discoverable witness statements;

✓    194.2(j)    in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

✓    194.2(k)    in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

Respectfully submitted,

RILEY LAW FIRM

*/s/Original Signed by Timothy D. Riley/s/*

Timothy D. Riley
State Bar No. 16931300
P. O. Box 542179
Houston, Texas 77254-2179
(713) 868-1717
(713) 868-9393 Fax

Attorney for Plaintiffs

## Certificate of Service

This is to certify that a true and correct copy of the foregoing was served on the following counsel, by telecopier, on March 8, 2002:

Carla M. Saenz
CARLA M. SAENZ & ASSOCIATES
1325 Palm Boulevard, Suite H
Brownsville, Texas 78520-7239

*Via Fax 956.541.2864*

William R. Gault
BRIN & BRIN, P.C.
1325 Palm Boulvard, Suite A
Brownsville, Texas 78520-7268

*Via Fax 956.544.0607*

J. Kevin Oncken
UZICK & ONCKEN, P.C.
8200 I-10 West, Suite 208
San Antonio, Texas 78230

*Via Fax 210.341.1570*

Carlos Cisneros
Chuck Mattingly
CISNEROS & MATTINGLY
845 E. Harrison, Suite A
Brownsville, Texas 78520-7153

*Via Fax 956.504.5988*

*///Original Signed by Timothy D. Riley///*
_____
Timothy D. Riley

## Tim Riley

**From:** "J. Kevin Oncken" <Kevin@unolaw.com>
**To:** <tdr@txtrial.com>
**Sent:** Thursday, February 28, 2002 12:01 PM
**Subject:** Barrera v. Fremaux

Tim,

I appreciate the courtesy copy of the petition you sent to me this week. I will accept service for Dr. Fremaux if you are trying and have not already accomplished it. Let me know.

J. Kevin Oncken

J. Kevin Oncken
Uzick & Oncken, P.C.
8200 I-10 West, Suite 208
San Antonio, Texas  78230
210-341-7703