United States District Court
Southern District of Texas
FILED

JUN 2 4 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAMONA BARRERA and<br>DAVID BARRERA | §<br>§<br>§ | |
| vs. | §<br>§ | CASE NUMBER B-02-080 |
| BROWNSVILLE-VALLEY<br>REGIONAL MEDICAL<br>CENTER, ET AL. | §<br>§<br>§<br>§ | JURY REQUESTED |

**MOTION TO COMPEL DEPOSITIONS,
SUBJECT TO MOTION TO REMAND**

1.  This case was originally filed in state court on February 25, 2002. The case was removed on April 22, 2002, by defendants Brownsville Valley Regional Medical Center, Columbia Valley Healthcare System, L.P., and Valley Regional Medical Center. Currently, a motion to remand is pending before this court, which plaintiffs respectfully reassert at this time.[1]

2.  Shortly after answering the suit, defendant Dr. Fremaux requested the deposition of the plaintiffs. On April 18, 2002, before the case was removed, the plaintiffs requested the depositions of the defendants as well. Exhibit A.

3.  On April 24, 2002, because acceptable dates were not provided and before it was known by plaintiffs' counsel that the case had been removed, the depositions of the

---

[1] As is explained below, this motion to compel depositions is filed solely to allow plaintiffs to comply with rapidly-approaching Texas statutory requirements concerning this state-based medical malpractice claim. Because of the defendants' conduct, as addressed below, plaintiffs have no choice but to seek court assistance in this matter. However, plaintiffs file this motion strictly subject to the pending motion to remand, and in no way intend to invoke the general jurisdiction of the court by seeking this limited court assistance made necessary by the defendants' refusals to appear for deposition voluntarily or otherwise agree to extend statutory deadlines.

plaintiffs and Dr. Fremaux were noticed by plaintiffs' counsel in the state court proceeding for May 15 and 16, 2002, respectively. Exhibit B. Dr. Fremaux's counsel moved to quash the deposition of Dr. Fremaux on the basis that the date and time were inconvenient. Because it was filed within 3 business days of the notice, the quashal was automatic under Texas law, pending later ruling by the trial court. TEX. R. CIV. PROC. 199.4.

4. Once plaintiffs learned of the removal, they also voluntarily canceled the notices for the plaintiffs' depositions so that they could file a motion to remand, as the removal was clearly improper and untimely. The motion to remand was timely filed, but the court has not ruled on it to date.

5. Texas law requires that, on penalty of dismissal, the plaintiffs file reports from qualified experts no later than 180 days after the date the suit was filed. TEX. REV. CIV. STAT. art. 4590i, § 13.01. That date is approaching very rapidly, and plaintiffs need the defendants' depositions to provide information to their experts so that the reports can be timely filed.

6. Defendants, however, have done nothing but provide a series of reasons as to why they are unable to identify representatives and why they are unable to appear on dates in the reasonably foreseeable future.

7. In light of the defendants' claimed inability to identify appropriate representatives and provide dates for their depositions, the plaintiffs attempted to reach an agreement with counsel that the depositions would be deferred but that the date for filing the expert reports would also be deferred until 30 days after the completion of all of the requested depositions. Exhibit C. Counsel for Dr. Gumbel agreed, and

counsel for Dr. Fremaux agreed, with a minor modification. However, counsel for the hospital defendants refused even to reply to the suggestion.

8. Accordingly, plaintiffs have no choice but to request court intervention with respect to this matter. In consideration of the foregoing, the plaintiffs respectfully request that the court order each of the defendants to provide three days within the next 30 when they will be able to give their oral depositions in this cause, and that those dates be protected by the court from quashal or conflicting engagements so that the depositions can be secured.

Respectfully submitted,

_____
Timothy D. Riley
Attorney-in-Charge
Federal Admissions No. 521
State Bar No. 16931300

Of Counsel:

**RILEY LAW FIRM**

P. O. Box 542179
Houston, Texas 77254-2179
Telephone (713) 868-1717
Telecopier (713) 868-9393

### Certificate of Conference

This is to certify that I have conferred with counsel regarding this matter. Counsel agreed or disagreed as shown below:

| | | |
|---|---|---|
| J. Kevin Oncken | Agree ___ | Disagree ✓ |
| Carla Saenz | Agree ___ | Disagree ___ DID NOT RESPOND |
| William Gault | Agree ___ | Disagree ✓ |
| Carlos Mattioli | Agree ___ | Disagree ✓ |

_____
Timothy D. Riley

## Certificate of Service

This is to certify that a copy of this document was served on the following known counsel for parties to this cause, by telecopier, on June 21, 2002:

Carla M. Saenz
CARLA M. SAENZ & ASSOCIATES
1325 Palm Boulevard, Suite H
Brownsville, Texas 78520-7239

William R. Gault
BRIN & BRIN, P.C.
1325 Palm Boulevard, Suite A
Brownsville, Texas 78520-7268

J. Kevin Oncken
UZICK & ONCKEN, P.C.
8200 I-10 West, Suite 208
San Antonio, Texas 78230

Carlos Mattioli
SHANNON, MARTIN, FINKELSTEIN & SAYRE
909 Fannin, Suite 2400
Houston, Texas 77010-1026

Carlos Cisneros
Chuck Mattingly
CISNEROS & MATTINGLY
845 E. Harrison, Suite A
Brownsville, Texas 78520-7153

_____
Timothy D. Riley

## Tim Riley

**From:** "Tim Riley" <TDR@TXTRIAL.COM>
**To:** "Oncken, J. Kevin" <kevin@unolaw.com>; "Saenz, Carla M." <cmsaenz@aol.com>; "Gault, William" <bgault@brinandbrin.com>; "Cisneros, Carlos" <cima_law@hotmail.com>
**Sent:** Thursday, April 18, 2002 3:51 PM
**Subject:** Barrera v. Valley Regional, et al.

Dear Counsel:

I recently received a request from Kevin to arrange Ramona and David Barrera's depositions. I was waiting until the hospital answered the suit. I just received correspondence from Bill Gault about the hospital, so I assume he will be answering the suit very shortly or has already done so.

I want to take the depositions of Dr. Fremaux and Dr. Gumbel on the same trip. I also want to take the deposition of a corporate representative of the hospital shortly thereafter. I can take Dr. Fremaux's and Dr. Gumbel's deposition on the same day.

Because of my approaching deadlines for filing expert reports, I need to get these depositions taken within the next 30 days. I propose the following dates: April 30-May 3, or May 15-16.

If I do not hear back from all of you shortly, I will have to notice the depositions on two of those days.

Please call if you have any questions. Thanks.

Tim Riley*

Riley Law Firm
Main Office:
P. O. Box 542179
Houston, Texas 77254-2179
Phone 713.868.1717
Fax 713.868.9393
Mobile 713.703.7667


Website: www.txtrial.com
www.RileyforCongress.com
Brownsville Office:
845 East Harrison, Suite A
Brownsville, Texas 78520-7120
956.550.8825

* Board-Certified, Civil Trial Law and Personal Injury Trial Law
  Texas Board of Legal Specialization

NO. 2002-02-823-B

| | | |
|---|---|---|
| RAMONA BARRERA and<br>DAVID BARRERA | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs. | §<br>§ | |
| BROWNSVILLE - VALLEY REGIONAL<br>MEDICAL CENTER; COLUMBIA VALLEY<br>HEALTHCARE SYSTEM, L.P.; VALLEY<br>REGIONAL MEDICAL CENTER; HCA,<br>INC.; RICHARD L. FREMAUX, M.D.; and<br>FRANCIS M. GUMBEL, M.D. | §<br>§<br>§<br>§<br>§<br>§ | CAMERON COUNTY, TEXAS<br><br><br><br><br>138th JUDICIAL DISTRICT |

## NOTICE OF DEPOSITIONS

Pursuant to Rule 199.2(b)(1), TEX. R. CIV. PROC., defendants are hereby notified that the following depositions will be taken in this cause, at the **St. Charles Mediation Center, 515 E. St. Charles Street, Brownsville, Texas 78520**

1.  **Ramona Barrera**

    **10:30 a.m., Wednesday, May 15, 2002.**

2.  **David Barrera**

    **2:30 p.m., Wednesday, May 15, 2002.**

3.  **Dr. Richard Fremaux**

    **9:00 a.m., Thursday, May 16, 2002.**

The depositions will be taken by a duly authorized court reporter, and will also be videotaped. Witness **Dr. Fremaux** is hereby compelled, pursuant to Rule 199.2(b)(5), TEX. R. CIV. PROC., to produce all the items, documents, or tangible things designated below at his deposition:

1.  All notices given by **Dr. Richard Fremaux** to any person or entity of the incident in issue.

2. All photographs or other tangible evidence which you may have in your possession or constructive possession which would in any way depict, reflect, or relate to any matters which may be in issue in this lawsuit.

3. All documents reflecting the assumption of the defense of the defendant in this lawsuit by any insurer.

4. All "joint defense," "indemnity," or other type of cooperation agreement among the defendants, their counsel, or their insurers regarding this case.

5. All insurance rejection notices, "reservation of rights" letters, or "non-waiver agreements" from any insurer with respect to the incident in issue.

6. All records regarding any claim paid on any policy that may cover this incident, which payment does or may reduce the available aggregate coverage for this claim.

7. All insurance claim forms, correspondence, and telephone conversation notations concerning coverage for the defendant for the incident in issue.

8. All statements and all recorded statements in your possession, care, custody, or control made by **Ramona Barrera or David Barrera.**

9. All witness statements in connection with this case or the incident in issue.

10. Any medical, business, or other records concerning the matters which gives rise to this lawsuit, which **you** or **your** lawyers claim have been changed, deleted, altered, added, amended, or otherwise differ from the original records. If any records exist which fall within this request, the differing records should be separately indexed so that it is apparent which entries are claimed to differ from the originals.

11. Any learned treatises, textbooks, or other reference materials which may be used by way of direct examination or cross-examination of any expert witness in this cause.

12. All reports, notes, conclusions, opinions, telephone memoranda, or the like, preliminary or otherwise, of any consulting expert witness, on whose opinions, facts, or conclusions a testifying expert might rely, in whole or in part, with regard to the incident giving rise to the above-referenced action or with regard to the acts or omissions of the parties propounding this request for production, whether favorable or unfavorable.

13. All reports, notes, conclusions, opinions, telephone memoranda, or the like, preliminary or otherwise, of any testifying expert witness with regard to the incident giving rise to the above-referenced action or with regard to the acts or omissions of the parties propounding this request for production, whether favorable or unfavorable.

14. Any **criminal convictions** of **Ramona Barrera or David Barrera**, or any designated witness of the plaintiffs, if you intend to use same for impeachment purposes at trial or any hearing.

15. Any and all **exhibits** that the defendant may offer at the trial or any hearing of this case.

16. Any surveillance or other videos, photos, or movies of the plaintiffs.

17. Any incident reports for the incident in issue.

18. Any investigation materials concerning the incident in issue.

19. All documents that were relied on by you in recommending the renal arterial catheterization in issue.

          Respectfully submitted,

          **RILEY LAW FIRM**

          *///Original Signed by Timothy D. Riley//*

          _____
          Timothy D. Riley
          State Bar No. 16931300
          P. O. Box 542179
          Houston, Texas 77254-2179
          (713) 868-1717
          (713) 868-9393 Fax

          Attorney for Plaintiffs

## Certificate of Service

    This is to certify that a true and correct copy of the foregoing was served on the following counsel, by telecopier, on April 24, 2002:

| | |
|---|---|
| Carla M. Saenz<br>CARLA M. SAENZ & ASSOCIATES<br>1325 Palm Boulevard, Suite H<br>Brownsville, Texas 78520-7239<br><br>*Via Fax 956.541.2864* | J. Kevin Oncken<br>UZICK & ONCKEN, P.C.<br>8200 I-10 West, Suite 208<br>San Antonio, Texas 78230<br><br>*Via Fax 210.341.1570* |
| William R. Gault<br>BRIN & BRIN, P.C.<br>1325 Palm Boulevard, Suite A<br>Brownsville, Texas 78520-7268<br><br>*Via Fax 956.544.0607* | Carlos Cisneros<br>Chuck Mattingly<br>CISNEROS & MATTINGLY<br>845 E. Harrison, Suite A<br>Brownsville, Texas 78520-7153<br><br>*Via Fax 956.504.5988* |

*///Original Signed by Timothy D. Riley//*
_____

**Timothy D. Riley**

May 29, 2002

J. Kevin Oncken          *Via Telecopier 210.341.1570*
UZICK & ONCKEN, P.C.
8200 I-10 West, Suite 208
San Antonio, Texas 78230

Carla M. Saenz          *Via Telecopier 956.541.2862*
CARLA M. SAENZ & ASSOCIATES
1325 Palm Boulevard, Suite A
Brownsville, Texas 78520-7239

William Gault          *Via Telecopier 956.544.0607*
BRIN & BRIN, P.C.
1325 Palm Boulevard, Suite A
Brownsville, Texas 78520

Carlos Mattioli          *Via Telecopier 713.752.0337*
SHANNON, MARTIN, FINKELSTEIN & SAYRE
909 Fannin, Suite 2400
Houston, Texas  77010-1026

  Re: Case Number B-02-080 (Cause No. 2002-02-823-B); *Barrera v. Brownsville-Valley Regional Medical Center, et al.;* in the United States District Court for the Southern District of Texas, Brownsville Division (in the 138th Judicial District Court of Cameron County, Texas)

Dear Counsel:

  As you know, Kevin Oncken has been attempting to depose the plaintiffs, and I have been attempting to arrange the depositions of the defendants, for quite some time. However, for various reasons, including client and counsel unavailability, weddings, vacation letters, trial assignments, and the removal of the case to federal court, those depositions have not yet been taken.

*Barrera v. VRMC, et al.*
May 29, 2002
Page 2

I have been somewhat hesitant to proceed with the depositions in any event, out of a concern that someone might contend I had waived the motion to remand by voluntarily participating in extensive discovery in the federal forum.

Kevin had volunteered Dr. Fremaux for deposition next Tuesday, June 4, 2002. Subject to receipt of a stipulation that no one would make the waiver contention, I agreed to try to produce Mr. and Mrs. Barrera for deposition that morning and depose Dr. Fremaux that afternoon. However, to accommodate conflicts in the schedules of Carla Saenz and Bill Gault, that proposed date was passed. Now I am advised that Carla, due to her wedding, is unavailable for any depositions until late June at the earliest.

I sincerely want to accommodate everyone's schedule to the extent reasonably possible. Unfortunately, though, in addition to the remand issue, we also have our 180 day deadline for filing expert reports approaching. This mandates that I complete the discovery shortly.

I would propose that we enter into a stipulation that: (a) if we proceed with any discovery prior to the district court's ruling on the motion for remand, no one will contend that we have waived same; and (b) pursuant to article 4590i, § 13.01(h), TEX. REV. CIV. STAT., our expert reports will not be due until 30 days after we have completed the depositions of all of the following: (i) Dr. Richard Fremaux; (ii) Dr. Frances I. Gumbel; and (iii) corporate representatives of the hospital and HCA.

If all of you cannot agree to the above, I will have no choice but to face the possible argument on the waiver issue and notice the depositions to our convenience within the next 30 days or so.

Either way, please let me know by the end of this week. Otherwise, I will be forced to issue notices Friday. Thank you.

Very truly yours,

Tim Riley

*Barrera v. VRMC, et al.*
May 29, 2002
Page 3

**AGREED:**

_____       _____
**J. Kevin Oncken,**                **Date**
**Attorney for Dr. Richard L. Fremaux**


_____       _____
**Carla M. Saenz**                  **Date**
**Attorney for Dr. Frances I. Gumbel**


_____       _____
**William Gault**                   **Date**
**Attorney for Brownsville-Valley**
**Regional Medical Center; Columbia**
**Valley Healthcare System, L.P.; and**
**Valley Regional Medical Center**


_____       _____
**Carlos Mattioli**                 **Date**
**Attorney for HCA, Inc.**