IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 1 2 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| **RAMONA BARRERA et al.,** § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | Case No. B-02-080 | |
| § | | |
| **BROWNSVILLE-VALLEY** § | | |
| **REGIONAL MEDICAL CENTER, et al.,** § | | |
| Defendants. § | | |

**ORDER**

BE IT REMEMBERED that on July ___12___, 2002, the Court, having considered the Motion to Remand [Dkt. No. 6]; the Response [Dkt. No. 14]; and the Reply [Dkt. No. 17], **REMANDED** the above-captioned cause to the 138th Judicial District Court, Cameron County, Texas.

This case was removed to this Court on April 22, 2002. Under 28 U.S.C. § 1446(b), "the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .". Id.

Defendant Gumbel was served on March 1, 2002. Defendants here claim that the Hospital Defendants were not served until March 28, 2002, when service was effected upon their registered agent.[1] They further claim that HCA was not served until April 23, 2002. They argue that "while it is not impossible for these Defendants to have removed this case within 30 days of service of the first Defendant, the timing of the service on Defendants that was done purposely by Plaintiffs making the removal within

---

[1] The later-served Defendants are: 1) HCA Inc., and 2) the "Hospital Defendants": Brownsville-Valley Regional Medical Center, Columbia Valley Healthcare System, L.P., and Valley Regional Medical Center.

30 days of service on the initial Defendant highly unlikely." [Dkt. No. 14 at 6]. Significantly, other than their conclusory statement, Defendants offer no evidence to this effect.

It is clear in this circuit that "in cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served . . ." Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1262-63 (5th Cir. 1988). Therefore, "[i]f the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove . . . due to the rule of unanimity among defendants which is required for removal." Brown v. Demco, 792 F.2d 478, 481-82 (5th Cir. 1986).

Unlike some other circuits, the Fifth Circuit has held firm to its position on this topic. In Demco, the Court of Appeals, while acknowledging criticism of the rule as unfair, held that a newly added defendant could not remove the case to federal court absent evidence that the Plaintiff was aware that the new defendant was a proper defendant within the thirty-day removal limit and delayed naming it as a defendant in bad-faith effort to prevent removal. Id. at 482; See 14C Wright et al., Federal Practice & Procedure § 3732 (discussing Demco). Despite potential unfairness to later-joined defendants, "it is not within the power of this Court to disregard applicable Fifth Circuit precedent. Until the Fifth Circuit holds otherwise, this Court is bound to follow Getty Oil." Castro v. Federal Express, 880 F. Supp. 497 (S.D. Tex. 1995). This Court finds itself in an identical position. Here, although the Hospital Defendants allege a bad-faith effort by Plaintiffs, there is no evidence to that effect. The Court, in keeping with the law in this Circuit, holds that removal was untimely and **REMANDS** this case to the 138th Judicial District Court, Cameron County, Texas.

DONE this 12 day of July, 2002, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge